### SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY v. F. PETERSON.

#### No. 1009.

**Railway Company Liable for Killing Live Stock in Pasture.**—The railway ran through plaintiff's pasture, which was fenced. The plaintiff turned his mule into the pasture, and it was killed by a passing train. *Held*, that the fact that the pasture was fenced did not excuse the company from fencing its right of way through the pasture. The railway company was liable for the value of the mule.

APPEAL from County Court of Lee County. Tried below before Hon. M. M. TEAGUE.

The opinion states the case.

*John T. Duncan*, for appellant.—1. Each and every railroad shall be liable to the owner for the value of all stock killed or injured by the locomotives and cars of such railway company in running over their respective railways. If the company fence in its road, it shall only be liable for want of ordinary care. Rev. Stats., art. 4245.

2. Although a railroad company is in default for not maintaining a fence between its right of way and the pasture land of an adjoining owner, yet when such owner habitually turns his cattle loose upon such track through a gate maintained for his accommodations, and then willingly abandons them to destruction, he can not recover therefor. Railway v. Woodward, 13 N. E. Rep., 260; Railway v. Cahill, 63 Ind., 340; Witt v. Railway, 4 N. E. Rep., 410; Railway v. Goodbos, 3 N. E. Rep., 172; Bond v. Railway, 100 Ind., 301.

· *I. H. Bowers*, for appellee.—1. It was the duty of the said appellant railway company to erect and maintain a sufficient fence between its right of way and the appellee's pasture field. Rev. Stats., art. 4245; 1 Willson's C. C., secs. 149, 315; 2 Id., secs. 374, 670; Railway v. Muldrow, 54 Texas, 233; Railway v. Woodward, 13 N. E. Rep., 260.

2. It was not contributory negligence for appellee to turn his mule loose into his said pasture field. Railway v. Wallace, 21 S. W. Rep., 973; Railway v. Cocke, 64 Texas, 151; Railway v. Mitchell, 2 Willson's C. C., sec. 374; Railway v. Leuders, 1 Willson's C. C., sec. 315; Railway v. Woodward, 13 N. E. Rep., 260; Railway v. Cahill, 63 Ind., 340; Welty v. Railway, 105 Ind., 55; 4 N. E. Rep., 410; Railway v. Webb, 24 N. W. Rep., 706; Railway v. Gabbert, 8 Pac. Rep., 218.

COLLARD, ASSOCIATE JUSTICE.—Action for damages for value of plaintiff's (appellee's) mule killed by a train of defendant (appellant). The railroad ran through plaintiff's farm or pasture; the pasture was fenced. Plaintiff turned the mule into the farm or pasture and it was killed as stated. The court below gave judgment for plaintiff for the value of the mule; and defendant has appealed.

*Opinion.*—The contention of appellant is, that the railroad right of way is fenced within the terms of the law, and therefore it would not be liable for the value of the mule in the absence of negligence.

We can not agree to the proposition. The fact that the farm is fenced does not excuse the company from fencing its right of way through the farm. Plaintiff had the right to pasture his mule on his farm, and to allow him to run unconfined therein as upon the common. The principle contended for by appellant is not sound. It would permit a railway company to operate its road and run its trains through all fenced pastures and inclosures, and exempt it from liability for killing stock therein, and the owner would be held to run the risk of having his stock killed by the legitimate use of his own pasture, except when he could prove that the killing was the result of defendant's negligence. It would deprive the owner of the benefits of the statute. Rev. Stats., art. 4245; Railway v. Childress, 64 Texas, 346.

The judgment of the lower court is affirmed.

*Affirmed.*

Delivered October 24, 1894.