CITY OF FORT WORTH v. BENJAMIN ALLEN ET AL.

No. 1850.

**Damages Against Two Defendants as Wrongdoers—Primary Liability— Judgment Over Against Codefendant.**—A city granted the franchise of its streets to a street railway company upon written contract with the company that it would keep its tracks at proper grade with the street. Through its failure to do this, an injury occurred for which suit was brought against the city and the railway company. *Held*, as between the defendants, that they were not in pari delicto so as to prevent one from recovering against the other, and that the city was entitled to judgment over against the company in the original action, without the necessity of a separate suit.

APPEAL from Tarrant.   Tried below before Hon. W. D. HARRIS.

*Hendricks & Templeton*, for appellant.—The proximate cause of the injury, as alleged by plaintiff in his petition, was the failure on the part of the street railway company to keep its track in repair, and negligently permitting its track to project above the surface of the street, and to so remain, etc., and the negligence charged against the defendant was, that with full knowledge of the obstruction and the nuisance created by the street railway company, it had permitted the same to remain in violation of its duty to keep the street in repair and in a passable condition.   In such a case the city may recover over against the street railway company the amount of any judgment recovered against it.   Booth St. Ry. Law, sec. 256; Dill. Mun. Corp., 4 ed., sec. 1035; Chicago v. Robbins, 4 Wall., 657; 2 Black on Judg., 418.

*Carlock & Powell*, for appellees.—There can be no contribution among tort-feasors, and where a wrong is traceable to the joint or combined action of two or more wrongdoers, any party sustaining injury therefrom may pursue either or all at his election, and in the absence of some contractural relation or special circumstances, which, as between the wrongdoers, entitles the one to place the responsibility upon the other, a plea over for indemnity by one of the said wrongdoers can not be sustained.   In this latter case it is incumbent upon the wrongdoer seeking to avail himself of his remedy over against his codefendant to allege and prove the special facts and circumstances showing his right to indemnity against such party.   City of Galveston v. Gonzales, 25 S. W. Rep., 978; Cool. on Torts, 144; Bishop Non-Contract Law, secs. 535–556.

HEAD, ASSOCIATE JUSTICE.—Appellee Allen sued the city of Fort Worth and the Fort Worth Street Railway Company to recover damages for personal injuries received by being thrown from a wagon while crossing the track of the railway company in one of the public streets of the city.   The negligence consisted in permitting the iron rails of the track to protrude from three to four inches above the surface of the street.

The petition, to show a cause of action against both defendants, alleged, in effect, that the street railway company laid and maintained its track in the street under license from the city which required it to comply with all the ordinances of the latter, and that it was thereby made its duty to raise the street to a level with the top of the rails, with suitable material, etc., which it had neglected for a long time to do, of which the city had notice. The answer of the city also contained the following averment: "If this defendant is liable in law to plaintiff on account of said unlawful acts, that the same arose and was caused by the negligence and want of proper fulfillment by its codefendant, the Fort Worth Street Railway Company, of its duty due by it to this defendant as a public corporation; that said Fort Worth Street Railway Company occupies the street mentioned in plaintiff's petition by permission of this defendant and under *an agreement*, and has a duty imposed upon it by law to keep and maintain its said track in good repair, and to keep and maintain the same on a grade with the street."

The plaintiff prayed for judgment against both defendants, and the city prayed for judgment over in its favor against its codefendant. The court below sustained a general demurrer interposed by the street railway to this answer of the city, in so far as primary liability was sought to be imposed upon the company. This question has been so ably and elaborately considered by Folger, J., in City of Brooklyn v. Brooklyn City Railroad Company, 47 New York, 475, that but little is left to be said upon it. With the conclusion reached in that case we concur. It is stated as follows:

"Thus a municipal corporation, by the conferring and acceptance of a charter with powers of opening and controlling streets and ways, has put upon it the correlative duty to the public of keeping those ways in repair, so that they may be safe for the passage of the public. When one contracts with that corporation to keep any portion of those streets in repair, in consideration of a license to use them to his benefit in an especial manner, he in effect contracts to perform that duty to the public in the place and stead of the municipality, and the way is given over to him for that purpose, and he takes it into his care and charge therefor, and his failure to perform his contract is a failure to do that duty, and the damages which naturally and proximately result from nonperformance are all the damages which naturally and proximately fall upon the corporation from the duty not being performed. * * *

"Such was the contract of the defendant. In consideration of the permission granted to it by the plaintiff, to use for a particular purpose and in a particular manner, in part for its own benefit, certain public ways, it agreed to keep in repair the pavement on those ways, and thus to do the duty which the plaintiff owed to the public. This repair it did not keep up. This duty it did not. Injury resulted to one of the public, who recovered of the plaintiff, for failure of duty, his lawful

damage.   Now the defendant is answerable to the plaintiff in damages. And why?  For not doing just that for nonperformance whereof the plaintiff was made to answer to the injured person.  The cause of action being the same, the rule of damages should be the same.  Nor is the plaintiff liable to the objection that, being one of the two wrongdoers, it can not have indemnity or contribution from the other, although compelled to pay the whole amount of the damage caused by the joint wrong.  City of Boston v. Worthington, 10 Gray, 496.  As between these parties, the plaintiff having taken from the defendant a covenant to do that which if it had been done as agreed no harm would have befallen, had a right to rely thereon; and though liable to third persons, are not so in pari delicto with the defendant as to be unable to sue and recover over.  The negligence of defendant was the proximate cause of the injury, in which the plaintiff has no equal part, having sought by the contract to secure that diligence which would have prevented injury and the occasion of damage.  Where the parties are not equally criminal, the principal delinquent may be held responsible to a codelinquent for damage paid by reason of the offense in which both were concerned in different degrees as perpetrators.  City of Lowell v. L. and B. R. R. Corp., 23 Pick., 24.''

Also see City of Denison v. Sanford, 3 Texas Civil Appeals, 663, and authorities there cited.

We are also of opinion, that in cases in which the plaintiff makes both the wrongdoers defendants, the one secondarily liable should have his judgment over against the one primarily liable in that suit, without being forced to a separate action.  The reasons which lead us to this conclusion are so clearly stated by Hemphill, Chief Justice, in Pope v. Hays, 19 Texas, 378, that we copy the following from his opinion:

''When the obligation is to indemnify against damages and expenses, and the obligee has become absolutely bound and liable to pay the damage incurred by the charge, and his demand against his obligor upon the bond of indemnity, by reason of the charge against himself, is reduced to a certainty, it would surely be just and reasonable, and would violate no principle of law, to permit him to enforce his own demand against the obligor in the first instance, and before he satisfies the charge against himself.  It is an operation which avoids circuity, and essentially subserves the purposes of justice and equity, by enabling him who is entitled to the indemnity to obtain the means to satisfy the charge he has incurred, from the party who ought to bear it, and thereby save himself the necessity of an advance and payment out of his own funds and estate, which might be inconvenient, and perhaps involve him in serious embarrassments.  That this proposition is equitable and just—that it would save the party exposed to injury, and could do no wrong to the one in default—must strike the mind of every one with a force that can not be resisted.  It harmonizes also with the jurisprudence and procedure in this State, which avoids

circuity in principle and in proceedings, and which, by a species of preventive justice, shields the innocent against losses which must in all probability accrue, and will not delay until the wrong is done, and then deal out a scanty relief by way of compensation."

This practice is authorized by statute in ordinary cases of suretyship, and has been so generally adopted by our courts in kindred cases, such as breaches of covenants of warranty, that we would have deemed its discussion a work of superogation, had not our Supreme Court, in the recent case of Frey v. Railway, 86 Texas, 465, in an obiter dictum, thrown us in doubt as to its views upon the subject. In that case, however, it was the original defendant that ought to make its indemnitors parties, and it was said that this should not have been allowed, while in this the recovery over was sought against one already a party. It has always seemed to us just and right that the one who is ultimately to discharge the obligation should be made a party to the suit in which the amount of his liability is to be fixed, and that the practice which seems to obtain in some jurisdictions of holding him bound by simple notice to defend, if approved at all, should not be treated as exclusive. Smoot v. Richards, 27 S. W. Rep., 969.

*Reversed and remanded.*

Delivered May 8, 1895.