PHILADELPHIA UNDERWRITERS ET AL. v. FORT WORTH & DENVER CITY
RAILWAY COMPANY.

Decided December 20, 1902.

**1.—Fire Insurance—Stock Cars—Identification.**

The insured owned 283 stock cars at the time of the insurance covering that number, and that were otherwise described only by their value,—$125 each. The burned cars, with others of like condition, were not in actual use at the date of the insurance, or between that time and the fire; were standing upon storage tracts, and so out of repair as not to be interchangeable under the rules of the Master Car Builders' Association, but were worth $250 each. The policy provided that in the event of loss the value of the destroyed property should be settled in accordance with the rules of said association. Held, that this did not conclusively establish that the cars were not insured, it clearly appearing that they were not so out of repair as to lose their identity.

**2.—Same—Subrogation—Parties.**

Where an insurance policy provided that, in the event of fire caused by the act or negligence of another, the insurer, on payment of the loss, should be subrogated, to the extent of such payment, to all right of recovery of the insured, in an action on the contract of insurance by the insured, a party whose negligence caused the fire, being impleaded by the insurer, was properly joined, though the insurer had not paid the loss.

**3.—Same—Evidence—Negligence in Setting Fire.**

In an action on a fire insurance policy the evidence shown is held sufficient to warrant a finding that the fire was negligently set by a third party, impleaded as a defendant in the case.

Appeal from the District Court of Tarrant. Tried below before Hon. Irby Dunklin.

*E. B. Perkins* and *Bonner & Gilbert* for appellant St. Louis Southwestern Railway Company.

*Crane, Greer & Wharton,* for appellant Philadelphia Underwriters.

*Stanley, Spoonts & Thompson,* for appellee.

CONNER, CHIEF JUSTICE.—This is an appeal from a judgment for $5750 in favor of the Fort Worth & Denver City Railway Company against the appellant insurance companies for the value of forty-six stock cars destroyed by fire, and in favor of said insurance companies in like amount over against the St. Louis Southwestern Railway Company, which it was alleged had negligently occasioned the loss.

The insurance companies defend on the ground that the cars which were destroyed were not such as were included among those insured, or if so, that by means within the control or knowledge of the plaintiff railway company the hazard thereto had been increased during the life of the policy, which by virtue of one of its special provisions to that effect, avoided it altogether. The St. Louis Southwestern Railway Company, which was impleaded by the insurance companies, resists on the

ground that there is a misjoinder of parties and of causes of action, and also denies the negligence alleged.

The policy insured appellee against all direct damage by fire to an amount not exceeding $540,019, on railway property described in an attached schedule, specifying certain amounts of insurance on buildings, fixtures, etc., and, among other things, "283 stock cars, rate per car $125, amount $35,375." The policy provided that "all losses on rolling stock" should be "settled in accordance with the rules of the Master Car Builders' Association," and that the policy should be void "if the hazard be increased by any means within the control or knowledge of the insured." It further provided that in the event of fire caused by act or neglect of another, the insurance companies on payment of the loss should be subrogated to the extent of such payment to all rights of recovery in the insured.

The fire was caused by the St. Louis Southwestern Railway Company, and the facts are sufficient to sustain the verdict and judgment, unless indeed we are required to sustain the several defenses briefly indicated above; we therefore proceed to a disposition of the questions therein involved.

The evidence shows that the burned cars, together with a large number of others in like condition, were not in actual use at the date of the insurance, or between that time and the fire, and were situated upon some storage tracks of the appellee, and so out of repair as not to be interchangeable under the master car builders' rules. We do not think these facts, however (and none other are relied upon), conclusively establish the asserted defense that the cars destroyed were not insured. The policy expressly specifies 283 stock cars at the rate of $125 per car, and is nowhere limited to cars which are in good state of repair, or interchangeable under the master car builders' rules. The evidence is clear that the cars destroyed were not so out of repair as to lose their identity or value as stock cars. The appellee company owned but 283 stock cars insured at the rate specified at the time of the insurance, and the cars destroyed constituted part of them. It is true that the policy provided that in event of loss the value of the destroyed property should be determined by the master car builders' rules, but in no other particular were such rules made part of the policy; nor do we find anything in the rules relating to the ascertainment of values inapplicable to cars temporarily out of repair or noninterchangeable. The very provision inserted manifests that it was in contemplation that cars in different states of repair might be lost, and it seems altogether improbable that the large number of stock cars situated as above stated, and shown to have a market value of not less than $250 each, were by design omitted from the protection of the insurance policy. Appellant's special instructions on this phase of the case were therefore properly refused, and the question as to the time when the intermediary E. W. Taylor, who testifies to an express purpose to insure them, acquired knowledge of the

situation and condition of the cars in question, becomes wholly immaterial.

We likewise conclude that we must sustain the proceedings that relate to the doctrine of increased hazard. If in any event applicable to the facts of this case, we nevertheless find the evidence conflicting and the issues sufficiently submitted.

This brings us to the more difficult questions presented by the appellant, the St. Louis Southwestern Railway Company. The abstract right of the insurance companies to be subrogated to the rights, if any, of the appellee railway company is not contested, if it indeed could be, but the contention is that such right in no event accrues until the insurance companies shall have actually paid to appellee the loss, and that the cause of action arising on the contract of insurance can not be joined with the action based on negligence. This contention finds support in numerous authorities including those cited by us in the case of Skipwith v. Hurt, 58 S. W. Rep., 192, where we had occasion to notice the question of misjoinder of causes of actions arising out of the same transaction, but which we left undetermined on the ground that the facts did not require a decision. In this conclusion, however, the Supreme Court differed with us, and, on writ of error, rendered an opinion that seems to be adverse to the contention of the appellant railway company. See Skipwith v. Hurt, 94 Texas, 322, 60 S. W. Rep., 423. That was a case where certain sureties on a treasurer's bond were sued by Clay County, which had failed or refused to sue a certain bank, alleged by the sureties to have wrongfully appropriated to its own use the money for which the county sued. The contract sued upon there, as here, was one of indemnity. The misappropriation alleged was as clearly a tort as the acts of negligence charged herein, and it was held by the Supreme Court that by right of subrogation the sureties, in the action against them, could proceed against the bank, notwithstanding the differing nature of the cause of action involved, and the fact that the sureties had not theretofore paid the county. Accepting as we do the conclusion that the questions of misjoinder now undoubtedly presented were raised by the facts of the Skipwith case, we see no satisfactory way to distinguish it from the case before us. Indeed, as an original proposition, it is undoubtedly true that the prevention of a multiplicity of suits is desirable, and we find no sound reason why in this case the court should not in the one action proceed to determine the rights and liabilities of the respective parties. Such rights and liabilities, in their final analysis, rest upon the same wrongful act, omission or transaction. Without such act or omission no cause of action would have arisen, and it certainly seems in harmony with our system of jurisprudence to hold that the judicial tribunal, whose power to pass in review upon the transaction is invoked, shall determine and declare the legal effect of every proximate consequence, if the same can be done without confusing multiplication of issues, or impairment of substantial rights of the parties involved. We fail to find where the St. Louis Southwestern Railway Com-

pany has been deprived of any substantial right, or to have had prejudicial entanglements imposed; while at the same time the procedure adopted permits freedom on the part of one of the parties litigant, the insurance companies, in the assertion of conceived legal defenses to the action on the policy, without subjection to the hazard of losing their cause of action against the offending railway company by limitation in event of a. failure to establish the defense asserted against the insured. If it be said that thereby the defendant railway company may be delayed in the settlement of the issues in which it is more directly concerned, it may be replied that it is, if a wrongdoer, in no condition to call for the tenderness of the court, or if innocent of the alleged wrongs, it may well be required, in the interest of the public, to suffer what in the nature of the case can be but a reasonable delay. Nor do we find cause of complaint because, in the determination of values as between the insurance companies and appellee, the rules of the Master Car Builders' Association were applied. In like cases in the Federal courts it is held that the wrongdoer has no concern with the equities arising between the insurer and the insured. Monticello v. Mallison, 58 U. S. L. Ed., book 16, 68; Hall v. Railway, 80 U. S. L. Ed., book 20, 594. The wrongdoer's liability to the owner of the property destroyed is for its reasonable market value, and to this right the insurers in this case were subrogated by express contract with the insured. The right of subrogation, however, extends no further than the insurers have paid or will be compelled to pay, and it here appears, without dispute, that the market value of the cars destroyed was in excess of the value as fixed by the Car Builders' Association, and largely in excess of the amount adjudged. Nor do we see just cause of complaint in the fact that the insurers have not yet paid the insured the amount adjudged against them. The judgment expressly provides that execution shall not issue against the St. Louis Southwestern Railway Company until the insurance companies shall have paid appellee the ·adjudged amount.

The assignments relating to the issue of negligence need but brief notice. While conflicting, there was evidence tending to show that the defendant railway company was guilty of negligence in permitting at least parts of its right of way to remain incumbered with unnecessary quantities of inflammable material, wherefrom, through sparks from one of its passing trains, the fire proceeded; and while the engineer, inspector and others testified that the spark-arrester on engine No. 182, which undoubtedly started the fire, was of an improved kind and in good repair and condition, and that the engineer was skillful and at the time operated the engine carefully, yet there was other evidence tending to show that the fire started at a point outside of the right of way which could not have so originated had the conditions been as delineated by the defendant railway company's witnesses. Other evidence might also be referred to, but we think it sufficient to say that on all issues of negligence the evidence is at least conflicting, and these issues having in our

judgment been sufficiently submitted to the jury, and no reversible error having been found in the refusal of requested charges, or in the introduction or rejection of the evidence, the verdict of the jury will not be disturbed.

The foregoing conclusions result in an affirmance of the judgment, and it is so ordered.

*Affirmed.*