## 9498

### CAPELL v. SHULER *ET AL.*

#### (89 S. E. 613.)

ACTION — MISJOINDER OF CAUSES — DEMURRER. — The complaint states a good cause of action against all the defendants, and is not subject to demurrer on the ground of multifariousness, the cause of action being against one defendant for wrongfully and unlawfully taking plaintiff's property, and the other defendants for unlawfully and wrongfully receiving it and retaining it from his possession.

Before BOWMAN, J., Sumter, April, 1915. Reversed.

Action by J. S. Capell against W. A. Shuler and others. From an adverse order, plaintiff appeals.

The order and the complaint are as follows:

Order. A demurrer to the complaint herein upon due notice having been heard before me, and after argument of counsel for and against the demurrer it appearing on face of the complaint that different causes of action are set·up therein against several defendants who are in nowise jointly concerned in these several causes of action—that is to say, a failure of identity between the parties concerned in the

respective causes of action appearing on the face of the complaint—the complaint is in this respect multifarious for misjoinder of causes of action. None of these defendants are alleged to have any joint liability with any other defendant on account of any of the several wrongs set up in the complaint.

It is ordered that the demurrer be sustained and the complaint dismissed on this ground for the reasons stated above. I. W. Bowman, Presiding Judge.

Complaint. The plaintiff above named, by his amended complaint complaining of the defendants above named, alleges:

First. That during the early part of the year 1913 the plaintiff traded with the defendant, Shuler, purchasing from him groceries and other articles of merchandise, and borrowed from him from time to time certain small sums of money, a part of which was money to pay for a portion of the lumber which plaintiff used in building his storehouse upon his lot of land in the town of Rembert, S. C., in said county, and upon which account the plaintiff had been making payments from time to time up to or within a short time prior to the removal of said storehouse off from said lot as hereinafter alleged, thus reducing plaintiff's said indebtedness from the sum of $202.64 to a balance of about $112.18.

Second. That the plaintiff had been anxious and willing to pay said balance and was exerting himself to do so up to the time of the commission of the acts of trespass, damages and waste hereinafter alleged. And, having moved away from Rembert, S. C., plaintiff rented his said storehouse, of the value of $200, together with a pinder parcher of the value of $15, and refrigerator of the value of $15, to one Mansie Williams on September 15, 1913, at and for a rental of $10 per month, payable monthly, who was occupying said storehouse when the trespass hereinafter alleged was com-

mitted, and plaintiff also had in said storehouse a cleaning machine of the value of $5 and a box of tools of the value of $20.

Third. That, plaintiff having declined to enter into an agreement proposed to him by the defendant, Shuler, on September 19, 1913, whereby plaintiff's title to said storehouse should cease if he failed to pay the last dollar of said account before January 1, 1914, plaintiff is informed and believes that on the night of November 5, 1913, the said defendant, W. A. Shuler, wantonly, wilfully, and unlawfully trespassed upon plaintiff's said lot, and, with a large force of laborers which he had hired and procured for that purpose, removed plaintiff's storehouse off the brick pillars upon which plaintiff had built the same on his said lot, and by means of slide poles removed the said house off of plaintiff's said lot of land to and upon a lot of land of the defendant, E. E. Rembert, in said town of Rembert, in said county and State, and that said defendant, W. A. Shuler, has also wilfully, wantonly, and unlawfully taken from the plaintiff the said pinder parcher, refrigerator, and cleaning machine and converted the same to his own use, without right, authority, or legal excuse to do so, has interfered with plaintiff's tenant, Williams, in his contract with plaintiff for payment of rent, has taken and received a portion, if not all, of said rent now due, and has persuaded said tenant not to attorn to the plaintiff as his landlord, all to the damage of the plaintiff in the sum of $500.

Fourth. That plaintiff has never granted to the defendant, Shuler, any mortgage or lien of any kind verbally or otherwise, nor has the defendant, Shuler, acquired any lien upon said storehouse or the presonal property last above described.

Fifth. Plaintiff is informed and believes that the defendant, Shuler, has not sufficient property out of which said damages or any part thereof might be collected, being the

head of a family and entitled to homestead exemptions, and that the total amount of his property returned for taxation in said county where he resides is only in the aggregate sum of $100, and the plaintiff is without any adequate remedy at law.

Sixth. That plaintiff is informed and believes that the defendant, E. E. Rembert, is or has been offering for sale the lot of land on which said storehouse is now resting, to which it has been removed by the defendant, Shuler, as aforesaid, and, should the same be sold, the plaintiff might be involved in a question of title to same by a purchaser of the said lot of E. E. Rembert, that plaintiff is entitled to have said property insured against loss by fire in the name of the clerk of this Court, to preserve the rights of the plaintiff, and the plaintiff is entitled to an order of injunction against both said defendants to preserve said property and the title thereof, and against the defendant, Shuler, from further interference with said property and the rents thereof.

Seventh. That since the commencement of this action the defendant, W. A. Shuler, has gone into voluntary bankruptcy and in pursuance thereof the defendant, D. V. Keels, has been appointed trustee for said bankrupt and his creditors, and has, therefore, gone into possession of said storehouse and unlawfully withholds the same from the plaintiff.

Eighth. That the defendant, the Rembert Company, have or claim to have some interest or title to the land on which said storehouse is now resting, but have no title to or right of possession to the said house, which is the property of the plaintiff, who is entitled to the immediate possession thereof.

Wherefore, plaintiff prays that an order of mandatory injunction be issued against the defendant, Shuler.

(1) Requiring him to move said storehouse back upon plaintiff's lot of land.

(2) That the defendant, Shuler, be restrained from further interfering with said storehouse.

(3) That defendant, Shuler, be restrained from further interfering with plaintiff's tenant or collecting rents from him.

(4) That the defendant, E. E. Rembert, be enjoined from selling or undertaking to sell or give possession of the lot of land on which said storehouse is resting until the further order of this Court.

(5) Against both defendants for the possession of said storehouse.

(6) Against the defendant, Shuler, for the possession of the pinder parcher, refrigerator, and cleaning machine.

(7) Against the defendant, Shuler, for the sum of $500 damages and for the costs of this action.

*Mr. A. B. Stuckey,* for appellant, cites: Sutherland Code Pleading, Practice & Forms, secs. 191, 192, 193.

*Messrs. Lee & Moise,* for respondent, cite: Code Civ. Proc., sec. 218; 97 S. C. 27; 13 S. C. 317; 50 How. Pr. 506.

September 7, 1916.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge Bowman sustaining a demurrer and dismissing the complaint in the cause. Judge Bowman's order gives the grounds and his reasons for the same, and should be set out in the report of the case. The plaintiff appeals and by six exceptions complains of error on the part of his Honor. These exceptions challenge his conclusions, and need not be taken up separately.

By reference to the complaint it will be found that the action was against W. A. Shuler primarily for an unlawful trespass in entering the premises and severing from the grounds and removing therefrom his storehouse and contents and removing it, with its contents, on the land of E. E Rembert. The other defendants are made parties because subsequently they enjoyed the fruits of this trespass, and

subsequently participated therein. All are affected about the trespass to the house, as it is alleged they are in possession of the same and claim some interest therein. All the defendants are affected if the plaintiff is entitled to recover

The cause of action stated arises out of the same transaction or transactions connected with the same subject of action. The cause of action is against Shuler for wrongful and unlawful taking of plaintiff's property, and other defendants for unlawfully and wrongfully receiving the same and retaining the same from his possession.

The complaint states a good cause of action against all of the defendants, and his Honor was in error in sustaining the demurrer and dismissing the complaint.

When the case is tried on the merits it may appear that there is a misjoinder of parties or that the complaint is in some measure multifarious, but under the allegations of complaint admitted as true by the demurrer the exceptions must be sustained, and judgment reversed.