10948

## GOOCH v. ELLIOTT *ET AL.*

### (113 S. E. 72)

1. HIGHWAYS—IN SUIT FOR TRESPASS, DIRECTION OF VERDICT FOR DEFENDANTS BECAUSE THEY ACTED BY DIRECTION OF HIGHWAY COMMISSION HELD ERROR.—In a suit for trespass, direction of a verdict for defendants because they acted by direction of a county highway commission was error, since they would still be personally liable if they knew their acts were unlawful, and that was a question for the jury.

2. PARTIES—COUNTY HIGHWAY COMMISSION SHOULD BE MADE A PARTY TO ACTION FOR TRESPASS BY AGENTS ENGAGED IN REPAIRING HIGH-WAY.—Where defendants in an action for trespass were acting as agents for the county highway commission in repairing a highway when they entered upon plaintiff's land and removed top soil, the county highway commission should be made a party defendant.

Before McIVER, J., Cherokee, March, 1921. Reversed, with directions.

Action by A. W. Gooch against R. L. Elliott and Jack Elliott. From directed verdict for defendants, the plaintiff appeals.

*Mr. G. W. Speer,* for appellant. No citations.

*Messrs. Butler & Hall,* for respondents.

July 19, 1922.

*Per Curiam.* Upon a consideration of the petition for a rehearing it is ordered that the opinion heretofore filed in this case be withdrawn, and that the following be substituted therefor:

Action for damages on account of the alleged unlawful entry and trespass upon the lands of the plaintiff, and removing therefrom large quantities of top soil.

It appears that the plaintiff owned a lot of land in the town of Blacksburg, adjacent to a county highway that was under process of construction by the Cherokee County Highway Commission. In the former opinion the Court made the statement that the defendants were independent contractors, engaged in constructing the highway for the county commission. Exception is taken in the petition for a rehearing to this statement. The court was induced to make that statement upon the allegation in the answer of the defendants:

"That at the times mentioned in the complaint the defendants were under a contract with the Cherokee County Highway Commission to construct or top-soil a portion of the National Highway"

—and upon the testimony of the engineer and of the defendants that such was the relation. The engineer designated the defendants time and again as "contractors," and the defendant Jack Elliott testified:

"We had a contract to top-soil the National Highway through Blacksburg."

But, as respondents' attorneys earnestly insist that the relation was not a conceded fact in the case, particularly in view of the ruling of the Circuit Judge, unappealed from, that the defendants were acting as agents of the Commission, that question will remain open for determination on the next trial. The Commission, although authorized to do so by the act of their creation, took no steps to condemn the top soil upon the plaintiff's land, but through their engineer directed the defendants to enter and remove such of the top soil as was needed.

Upon motion of the defendants a verdict was directed by the Court in their favor, and the plaintiff appeals.

We think that there was error in such direction. Even if the defendants were agents of the Commission, the authorities cited by respondents' counsel show that they would be personally responsible, notwithstanding the fact that they were acting by direction of their principal, if the tort was committed with the knowledge that their acts were unlawful, and this was a question for the jury. As the case must be remanded, the issue of punitive damages is reserved.

It is apparent that a complete determination of the rights of the parties cannot be had without the presence of the Cherokee County Highway Commission as a party defendant, and the plaintiff is directed by amended summons and complaint with appropriate allegations to conform to this suggestion.

The judgment of this Court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that Court for a new trial, with instructions that the said Commission be made a party defendant in the cause.