## 12310

### PEURIFOY, RECEIVER, v. MAULDIN

#### (140 S. E., 253)

PARTIES—SURETY HELD ENTITLED TO BRING IN AS DEFENDANT ANOTHER SURETY TO WHICH IT ALLEGED MISAPPROPRIATED SECURITIES WERE DELIVERED AS INDEMNITY (CODE CIV. PROC., 1922, §§ 361, 597).—In action against president of bank and A., the surety on bank officers' bond, to recover value of securities owned by bank alleged to have been misappropriated by president, in which A.'s answer alleged that president delivered the securities to N., another surety company, to indemnify it on a bond given by president in connection with a personal income tax controversy with United States, and that N. received the securities with knowledge of president's dishonest act and still had possession thereof, *held* that, under Code Civ. Proc., 1922, §§ 361, 597, A. was entitled to have N. brought in as defendant.

Before TOWNSEND, J., Richland, May, 1927. Reversed and remanded.

Action by James E. Peurifoy, receiver of the American Bank & Trust Company, against I. M. Mauldin and the

American Surety Company, in which the National Surety Company was brought in as defendant on motion of the American Surety Company. From an order sustaining demurrer of the National Surety Company to the American Surety Company's amended answer and dismissing the National Surety Company from the action, defendant, the American Surety Company, appeals.

The demurrer to the amended answer referred to in the opinion is as follows:

"Now comes the National Surety Company and demurs to the amended answer of the American Surety Company filed in the above-entitled cause, upon the ground that said amended answer, taken by itself or in connection with the complaint herein, fails to state a cause of action against the National Surety Company in that:

"(1) The cause of action alleged in the complaint against American Surety Company is predicated upon a contract between the plaintiff and the American Surety Company, whereas no contract is claimed or alleged to which the National Surety Company was a party or privy.

"(2) That the causes of action, respectively, against the American Surety Company and the National Surety Company are inconsistent, separate, and distinct and are improperly united.

"(3) That the pleadings show that no privity exists between the plaintiff and the National Surety Company, or between the defendant American Surety Company and said the National Surety Company and no privity between the plaintiff and American Surety Company and National Surety Company.

"(4) The pleadings show that the cause of action, if any, against the National Surety Company in favor of American Surety Company is such as can only exist or arise when the American Surety Company has paid a debt or obligation to the plaintiff for which the National Surety Company is in some way liable; and the complaint and the answer and

amended answer of American Surety Company show upon their face that American Surety Company has paid no debt, obligation, or liability to the plaintiff, but, on the contrary, denies that any such obligation or liability exists.

"(5) The answer and amended answer of the American Surety Company, by themselves, or considered with the complaint, attempt to set up alternative defenses or causes of action, if any, against the National Surety Company.

"(6) The answer and amended answer of the American Surety Company, considered by themselves, or together with the complaint herein as a cross-complaint against the National Surety Company, set up a liability, if any, on which the American Surety Company is liable by its bond and covenant, and does not allege or show performance thereof on its part, but, on the contrary, shows that there has been no performance and that there is a denial of liability, and hence shows no right of action accruing to said the American Surety Company.

"(7) The answer and cross-answer of the American Surety Company, considered either by themselves or in connection with the complaint herein, show that the American Surety Company, if liable at all to the plaintiff, is liable for a debt or obligation in performance of its own covenants and contracts, and that therefore the right of subrogation does not exist in favor of said defendant against National Surety Company.

"(8) The pleadings show that no action can exist in favor of the American Surety Company against the National Surety Company until and unless there has been a recovery by the plaintiff against said American Surety Company, that the rights of said plaintiff and American Surety Company have not been adjudicated, and, therefore, no right of action in favor of American Surety Company against the National Surety Company has accrued."

*Messrs. Herbert & Dial* and *Melton & Belser,* for appellant American Surety Company, cite: *Permitting amend-*

ments to pleadings and bringing in new parties within discretion of the Court: Sec. 361, Code Proc., Sec. 436, Id.; 80 S. C., 470; 74 S. C., 443; 77 S. C., 412; 103 S. C., 214; 7 L. Ed., 152. *Same may be properly made at any stage of the case:* 81 S. C., 574; 74 S. C., 243; 68 S. C., 512. *No misjoinder:* Sec. 430, Code Proc., 48 S. C., 65; 105 S. C., 79. *Joinder of parties:* Secs. 361, 597, 365, Code, 96 S. E., 532; 132 S. C., 78; 71 S. W., 419; 94 Tex., 322; 19 Tex., 378; 84 S. E., 859; 128 Wash., 176. *Answer may contain many and inconsistent defenses:* 5 S. C., 354; 6 S. C., 68; 16 S. C., 331; 54 S. C., 485; 9 S. C., 440; 70 S. C., 470. *Review of judgment:* Sec 636, Code Proc.

*Messrs. D. W. Robinson* and *D. W. Robinson, Jr.,* for respondent, Jas. E. Peurifoy, cite: *Joinder of parties:* Sec. 430, Code; 26 S. C., 484; 97 S. C., 30; 108 S. C., 149; 115 S. C., 118; 101 S. C., 183. *Action for unlawful conversion is in tort:* 140 S. C., 42; 57 S. C., 499. *Subrogation:* 139 S. C., 404; 139 S. C., 426; 5 Pom. Eq. Jur. (2nd Ed.), Secs. 2343, 2345, 2349, 2350; 25 R. C. L., 1318; 118 S. C., 244; 126 S. C., 362; 103 S. C., 348; Speer's Eq. 37; Rich. Eq. Cas., 172; I Hill Eq., 344 I Hill, 309; 7 Rich. Eq. 112; 13 Rich Eq., 269. *Res Ajudicata:* 69 S. C., 54; 51 S. C., 25; 68 S. C., 44; 108 S. C., 338; 97 S. C., 458; 129 S. C., 88; 112 S. C., 295; 135 S. C., 544; 139 S. E., 217. *Judge may amend or revoke his order during the term at which it was filed:* 47 S. C., 39. *May make change before filing decree:* 64 S. C., 544. *Making of additional parties to this action was a matter of discretion:* 134 S. C., 383; 77 S. C., 413; 64 S. C., 544; 91 S. C., 559; 80 S. C., 470. *Additional parties cannot be brought in for purposes of setting up a counterclaim:* 124 S. C., 380. *Appeal violates rules:* Sec. 640, Code; Sup. Ct. Rule 4, Sec. 7; 121 S. C., 373.

*Messrs. Ashley C. Tobias, Jr.,* and *Charles I. Dial,* for respondent, National Surety Company, cite: *Policy of*

*law is to avoid multiplicity of actions:* 139 S. E., 217. *Joinder of causes of action:* Sec. 430, Code Proc. *Improper to join inconsistent causes of action:* 1 Cyc., 1075; 134 S. E., 222; Sec. 122, Bliss Code Pl.; 1 C. J., 1065; 78 S. E., 413; 82 S. E., 131. *Objection to misjoinder made by demurrer:* 31 Cyc., 292; 105 S. C., 213. *Cases distinguished:* 105 S. C., 79; 132 S. C., 78. *There can be no subrogation without payment:* 37 Cyc., 394; Id., 406; 2 L. R. A., 586; 6 Watt., 227; 52 Pa., 522; 118 Pa., 138; 9 A. L. R., 1596; 9 C. C. A., 264; 174 Fed., 22; 228 Fed., 448; 256 Fed., 560; 83 N. C., 416; 256 Fed., 560; 116 N. E., 787; 12 U. S., 574; Leg. Rep., 380; 124 U. S., 534; 60 Fed., 794; Sheldon on Subrogation, Sec. 127, 2343; 5 Pom. Eq. Jur. (2nd Ed.), Secs. 2345, 2349, 2350; 25 R. C. L., 1318; 138 S. E., 146; 120 S. C., 42; 118 S. C., 244; Speer's Eq., 37; Rich. Eq., 122; 13 Rich. Eq., 269. *No subrogation in favor of one performing own covenant:* 126 S. C., 362. *Error for one Circuit Judge to set aside or modify order of another:* 139 S. E., 217; 123 S. E., 501; 119 S. E., 903; 108 S. C., 329. *Proper manner to secure redress is by appeal:* Nott & McC., 488; 97 S. C., 457; 16 S. C., 363; 35 S. C., 277; 53 S. C., 394; 112 S. C., 295; 129 S. C., 88.

November 8, 1927.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Disregarding the preliminary proceedings and skirmish firing in this case, we will go directly to the real issue involved in the appeal.

The action is by Peurifoy, receiver of the American Bank & Trust Company, against I. M. Mauldin, the American Surety Company, and the National Surety Company. The suit was originally brought against Mauldin and the American Surety Company for the recovery of the value of certain bonds, the property of the bank, alleged to have been

dishonestly abstracted and appropriated by Mauldin, then president of the bank. The American Surety Company is alleged to be liable on account thereof, by reason of its suretyship upon a bond given to protect the bank from the dishonest acts of its officers or employees.

The American Surety Company answered setting up certain defenses, a statement of which does not concern the present inquiry, and moved that the National Surety Company be made a party defendant upon the ground stated in their proposed amended answer, substantially to the effect that the bonds which Mauldin is charged with abstracting and appropriating were delivered by him to the National Surety Company as indemnity upon a bond given by that company, in connection with a personal tax income controversy between Mauldin and the United States government, that the bonds were received by the National Surety with knowledge of the alleged dishonest abstraction and are still in its possession, and demanding that they be restored to the receiver in relief of the American Surety Company upon its bond.

After much backing and filling, which may be brushed aside in reaching the real issue, an order was finally passed requiring the National Surety Company to be made a party and allowing the proposed amendment of the American Surety Company, the order being dated April 26, 1927. Copies of the order and of the amended answer were served upon the National Surety Company.

Thereafter the National Surety Company served notice of a motion to vacate the order making it a party and allowing the amendment, upon the ground that the Circuit Judge who signed it was without jurisdiction; and at the same time served a demurrer to the amended answer upon the grounds, which will be incorporated in the report of the case.

The motion and the demurrer were heard by his Honor, Judge Townsend, on May 18, 1927, and on the same day he signed the following order (it will be observed that the

Circuit Judge did not pass upon the motion; he passed only upon the demurrer) :

### "ORDER SUSTAINING DEMURRER

"This matter comes before me, both on a motion by the National Surety Company, to set aside the order of Judge Wilson, making it a party to this action, on the ground that it is not a proper party to the action between plaintiff and defendant American Surety Company and that said order was made without notice to the National Surety Company, and this is the first opportunity the National Surety Company has had to object to the order; and also on a demurrer by the National Surety Company to the amended answer of the American Surety Company as stating no cause of action against the National Surety Company.

"As to the motion to vacate the order: I think that the plaintiff might have made the National Surety Company a party defendant if he had alleged that it participated in the misappropriation of the bonds belonging to the bank; but the plaintiff has not elected to do so. The plaintiff stated a cause of action against Mauldin and his surety, when he alleged that Mauldin has misappropriated the bonds, and it was not necessary for the plaintiff to go further and trace the bonds, or to prove who now has them. All the plaintiff need show is the misappropriation of the bonds by Mauldin, and all plaintiff seeks is a money judgment against Mauldin and his surety, based upon the contract or bond signed by them. The National Surety Company was neither a necessary nor a proper party to that action, which was one at law upon a breach of contract for recovery of damages.

"The answer of the American Surety Company does not show any equity of facts entitling it to judgment against the National Surety Company. There is no privity of contract between them. It does not allege that it has been wronged by any act of the National Surety Company or that the National Surety Company participated in a breach of trust by

Mauldin; it merely states that it is alleged by some one that it did so—there is no positive allegation to such effect; and the answer does not allege that the American Surety Company has paid, or been forced to pay out any moneys on account of any acts of the National Surety Company. No wrong on the part of the National Surety Company toward the American Surety Company occasioning damage to the latter is alleged.

"It is, therefore, ordered that the demurrer of the National Surety Company to the amended answer of the American Surety Company be, and hereby is, sustained, and that the National Surety Company be dismissed from this action."

From this order the American Surety Company appeals. The plaintiff Peurifoy, receiver, appears to have made common cause with the National Surety Company, as he has given notice to sustain the order of his Honor, Judge Townsend, upon the ground that the Circuit Judge who signed the order making the National Surety Company a party and allowing the amended answer was without jurisdiction.

To the main issue in the appeal then: Did the American Surety Company have the right to have the National Surety Company brought into the action for the purpose of settling the issue suggested in its amended answer?

His Honor, the Circuit Judge, declares in his order:

"I think that the plaintiff (receiver) might have made the National Surety Company a party defendant, if he had alleged that it participated in the misappropriation of the bonds belonging to the bank; but the plaintiff has not elected to do so."

If that be so, it is difficult to see why the American Surety Company, which naturally is interested in the very matter which his Honor holds the plaintiff might have brought into the case, cannot, if he should fail to do so, bring such matter in.

· If it be true, as alleged in the answer, which the demurrer necessarily admits (to put it baldly, without the slightest purpose to reflect upon the memory of the dead or wound the feelings of his much respected connections), that Mauldin stole the bonds and that the National Surety Company was the receiver of stolen goods knowing them to have been stolen, it becomes a conspirator in the theft, and must disgorge. If it should be made to disgorge, the American Surety Company will be relieved to that extent. It cannot injuriously affect the receiver, who will have his judgment against both, and in the final decree the rights of the American Surety Company as against the National Surety Company will be protected.

In *Pollock v. Carolina Interstate, etc., Association,* 48 S. C., 65; 25 S. E., 977; 59 Am. St. Rep., 695, it was held that there was no misjoinder where funds were illegally taken by one party and received by another party, both being properly joined in the one action.

In *Capell v. Shuler,* 105 S. C., 79; 89 S. E., 814, the Court said:

"By reference to the complaint it will be found that the action was against W. A. Shuler primarily for an unlawful trespass in entering the premises and severing from the grounds and removing therefrom his storehouse and contents and removing it, with its contents, on the land of E. E. Rembert. The other defendants are made parties because subsequently they enjoyed the fruits of this trespass, and subsequently participated therein. All are affected about the trespass to the house, as it is alleged they are in possession of the same and claim some interest therein. All the defendants are affected if the plaintiff is entitled to recover. The cause of action stated arises out of the same transaction or transactions connected with the same subject of action. The cause of action is against Shuler for wrongful and unlawful taking of plaintiff's property, and other defendants for unlawful and wrongfully receiving the same and re-

taining the same from his possession. The complaint states a good cause of action against all of the defendants, and his Honor was in error in sustaining the demurrer and dismissing the complaint."

The Code provides (Section 361, Code Civ. Proc., 1922):

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein."

Section 597, provides:

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may determine the ultimate rights of the parties  *  *  *  as between themselves."

In *Miller v. Ins. Co.,* 132 S. C., 78; 129 S. E., 131, it was sought to bring in, as a party defendant, the sheriff, whose bondsman was being sued. This Court reversed an order refusing the motion, and declared:

"It occurs to us that every conceivable ground was present to induce the conclusion that the bringing in of the sheriff as a party defendant was just, reasonable, and in line with the policy of the law 'to prevent a multiplicity of suits and that there may be a complete and final decree between all parties interested,' certainly 'a consummation devoutly to be wished,' a desirable result."

And further:

"The following authorities demonstrate that the joinder of the party from whom the defendant is entitled to indemnity is so just and reasonable that the denial, without any reason at all, is reviewable, notwithstanding the general rule that such matters are within. the discretion of the trial Judge"—citing numerous authorities.

See the cases of *Philadelphia Underwriters v. R. Co.,* 31 Tex. Civ. App., 104; 71 S. W., 419, and *Skipwith v. Hare,* 94 Tex. 322; 60 S. W., 423, cited in the *Miller Case.* Also *Pope v. Hays,* 19 Tex., 378. *Guthrie v. Durham,* 168 N.

C., 573; 84 S. E., 895. *Arnold v. Peasley,* 128 Wash., 176; 222 P., 472.

The judgment of this Court is that the order of the Circuit Court be reversed, and the case remanded to that Court, with leave to the National Surety Company to reply to the answer of the American Surety Company.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE BLEASE disqualified.