12907

LITTLE v. ROBT. G. LASSITER & CO.

(153 S. E., 128)

*Messrs. Herbert & Dial,* for appellant,

*Messrs. Timmerman & Graham,* for respondent,

April 24, 1930.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

We adopt the statement of facts as made in the opinions of the Chief Justice and Mr. Justice Cothran.

Two propositions are very properly conceded by Mr. Justice Cothran in his dissenting opinion: (1) Where one acting as agent for another, within the scope of his agency, commits a tort, both the principal and the agent are joint tort-feasors; and (2) the injured party is not obliged to join both joint tort-feasors in his action, but he may sue either singly. These principles have been well recognized in South Carolina for over a hundred years.

This action is one on tort. The respondent, as plaintiff, sued the appellant, as defendant, for appellant's alleged tortious trespass on her lands. It does not appear from the

complaint that the respondent knew that the State Highway Department authorized the acts of the appellant, the road contractor. But even if the respondent knew that, under the well-recognized legal principles conceded by Mr. Justice Cothran, the respondent had the clear legal right to sue both the contractor and the State Highway Department, or to sue either one of them alone.

The appellant's effort to make the State Highway Department a party to the action against the desire of the respondent was, to my mind, an interference with a well-recognized legal right of the respondent. It is sought to sustain this interference on the authority of three cases from our reports, mentioned in the dissenting opinion. I do not think two of these cases at all support the position taken.

I consider first *Miller & Barnhardt v. Gulf & Atlantic Ins. Co.*, 132 S. C., 78, 129 S. E., 131. The plaintiff there sued the defendant, a surety company, alone on an official bond, executed, pursuant to the law of the state, by the defendant, guaranteeing the faithful performance by a Sheriff, the principal of the bond, of his official duties. Both the surety company and the Sheriff endeavored, in the lower Court, to have the Sheriff made a party to the action, but the request was refused. On appeal, the Court held there was error, and directed that the Sheriff be made a party defendant. Mr. Justice Cothran, who spoke for the Court in that case, conceded that the Sheriff was not a *necessary party*, but that he was a *proper party*. In my humble opinion, that decision was correct. The suit was one on contract—the official bond of the Sheriff, as principal, and the defendant, as his surety, with the State of South Carolina, for the benefit of the public generally, to the effect that the Sheriff would faithfully perform the duties of his office. The plaintiff claimed the Sheriff had failed to carry out the terms of his bond—the written contract the Sheriff had made for the benefit of the plaintiff. The Sheriff claimed that he had not violated the terms of his bond. The surety company was

not liable as surety on the bond, unless the Sheriff was liable.

There is to be noted this vital distinction in the *Miller case* and the case at bar. In the former, if the principal was not liable, the surety company was not liable. Here, in a case where there were joint tort-feasors, both of them are liable.

Neither do I think the case of *Peurifoy v. Mauldin,* 142 S. C., 7, 140 S. E., 253, 255, controlling of this case. In the *Peurifoy case,* the plaintiff sued A, a surety company, which had guaranteed, in writing, the faithful conduct of the duties of his position by an officer of a bank, for loss sustained by the bank because of the misappropriation of securities by the officer. A, the surety company, sued, alleged that N, another surety company, had unlawfully come into possession of the misappropriated securities, by reason of a bond executed by N for the bank officer in another transaction, and asked that N be made a party-defendant. The trial Court refused A's motion, and the Supreme Court reversed the holding there made. In the opinion of the Court, written by Mr. Justice Cothran, the conclusion reached seems to have been based upon this excellent reasoning: "If it be true, as alleged in the answer [referring to A's answer] * * * that Mauldin stole the bonds and that the National Surety Company was the receiver of stolen goods knowing them to have been stolen, it becomes a conspirator in the theft, and must disgorge. If it should be made to disgorge, the American Surety Company will be relieved to that extent." It will be seen, therefore, that in that case the possession of the misappropriated securities was in question, and the defendant, who was sued, claimed that the other surety company had them. The suit, therefore, involved to a great extent the recovery of specific personal property. If the sued defendant did not have possession of the property and could bring into Court in that action, as a defendant, another party that did have the property, and thereby the property could have been delivered to the rightful owner,

then the sued defendant would, of course, have been relieved. The action, while involving alleged tortious acts of the bank officer, was, after all, originally, one on contract, and, as pointed out, concerned property passing by the second contract of the officer with the other surety company. Accordingly, I am inclined to the opinion that the Court's decision in that case was correct, but, I do not see its applicability here.

To support the conclusion in the *Peurifoy case,* three South Carolina cases were cited. They may have sustained to some extent the position taken, but they are not in point here. *Pollock v. Carolina Interstate, etc., Association,* 48 S. C., 65, 25 S. E., 977, 59 Am. St. Rep., 695, was one of the cited cases. In the *Pollock case,* the question involved certain funds illegally taken by one party and received by another party. Another instance of possession of property being involved.

*Capell v. Shuler,* 105 S. C., 79, 89 S. E., 813, 814, was referred to in the *Peurifoy case.* Therein, one defendant was sued for moving from plaintiff's grounds a certain storehouse and its contents, and another defendant was sued in the same action because the storehouse had been moved to his place. Plaintiff asked for damages for the trespasses committed and for the recovery of his property. The defendants demurred on the ground of multifariousness, and the demurrer was sustained in the trial Court. This Court, very properly, reversed the lower Court. Clearly, the plaintiff had the right to sue all those who had participated in the alleged trespasses, and who had removed and were in possession of his property. I think he could have sued either one of the alleged trespassers alone. He exercised his right to sue both of them, and this Court sustained that right.

The other South Carolina case referred to in the opinion in the *Peurifoy case* was *Miller v. Insurance Company, supra,* to which I have already adverted.

Mr. Justice Cothran thinks the "precise point involved in this appeal" has already been decided in *Gooch v. Elliott,* 120 S. C., 245, 113 S. E., 72, where the opinion was *"per curiam."* It looks that way. But I am not satisfied with the decision in that case, for the reason that it is out of line with all decisions involving the same question in this state that I know anything about. I dislike to overrule a case, but, when it is completely out of harmony with other cases on the same line, I think the Court ought to overrule it. We should try to follow as much as we possibly can well-established legal principles. That is the only way the people will know what the law is.

In *Gooch's case,* he sued road contractors alone for trespass and damages to his lands. It was, of course, an action in tort. The defendants claimed that they were working under a contract with the Cherokee County Highway Commission, and were acting as agents of that commission. At the trial, there was a directed verdict in favor of the defendants, and the plaintiff appealed to the Supreme Court. This Court held that: "Even if the defendants were agents of the commission, * * * they would be personally responsible, notwithstanding the fact that they were acting by direction of their principal, if the tort was committed with the knowledge that their acts were unlawful * * *." I have no dispute at all with that portion of the opinion, which I have quoted, for it accords with my views in this case.

But I do question the correctness of the concluding portion of the Court's opinion. There, this was said: "It is apparent that a complete determination of the rights of the parties cannot be had without the presence of the Cherokee County Highway Commission as a party defendant and the plaintiff is directed by amended summons and complaint with appropriate allegations to conform to this suggestion."

So far as I can gather, none of the parties requested an order requiring the Cherokee County Highway Commission

to be made a party to the suit. I think that step was taken by the Court of its own motion. The reason for it, I am quite sure, was the feeling of the Court that we ought to prevent as much as we can a multiplicity of actions. I favor that course, too, when it is possible to pursue it without overriding repeatedly declared legal rights and revoking well-recognized procedure. The plaintiff there, as the plaintiff-respondent here, had the well-established legal right to sue one or all of the tort-feasors. I think also that the Court was influenced in *Gooch v. Elliott* by the other decisions to which I have called attention, none of which, however, I think, warranted the order in that case. In fact, none of them, and no other authority for the order made, was cited.

I shall not take the time to review or examine the decisions from other jurisdictions, cited to support the conclusion of the dissenting opinion, or such cases referred to in our own cases, which I have discussed. The pleading and practice in Courts of the several states are regulated very much by statute. We cannot thoroughly understand the decisions from other jurisdictions unless we are fully acquainted with their respective practice statutes. Texas, for instance, has to us a peculiar and unusual system of pleading and procedure. It possesses features both of the common and civil law, but practically everything is regulated by statute.

While agreeing with the conclusion of the Chief Justice that the order below should be affirmed, because of the view I entertain, I cannot concur in his holding that the matter of requiring or failing to require the respondent to bring in the State Highway Department was one within the discretion of the presiding Judge. As indicated, I think the respondent had the right to elect if she should sue one or both of the alleged tort-feasors.

But if the position I take is not upheld by a majority of the Court, and the majority is of the opinion that the question was one within the discretion of the lower Court, then

I agree with the holding of the Chief Justice that there was no abuse of such discretion in this cause. If discretion lies at all within the trial Judge, it should hardly ever be exercised in favor of the sued tort-feasor. A tort-feasor, who wishes to delay the injured party in recovering his damages, can very easily claim that some other party was a tort-feasor also. When he succeeds in bringing the other party in, the injured party may find that this second tort-feasor also contends that there is still another tort-feasor who should be brought in. And so on *ad infinitum*. The result would probably be that the injured party would never get his action tried; or, if he did, it might end in a judgment which would mean nothing, as all the tort-feasors may have succeeded in disposing of such property as they may have owned. A person injured, for instance, by rioters might sue some three of them, whom he was able to identify, out of a dozen. Those sued might demand that a fourth man be brought in, on the allegation that he was also liable, and the injured party might have to wait for several years to have his action tried until all twelve rioters could be brought into the action.

No right of reimbursement that the appellant may have against the State Highway Department is interfered with by the order of the trial Judge. If the State Highway Department authorized the alleged tortious acts of the appellant, the State Highway Department, I am sure, will not seek to evade its liability. It will support, I am quite confident, the appellant in the litigation. If the appellant and the department are both innocent, the department will likewise, I am certain, render all proper aid in establishing that innocence. But if the Highway Department refuses to give its assistance to the appellant, the appellant will still have reserved to it any legal right it now has to demand satisfaction of the department.

The effect of this decision, under the view of a majority of the Court, is to overrule the holding in *Gooch v. Elliott, supra,* in conflict with the holding made herein; and to af-

firm, for the reasons stated in that connection, the order of the Circuit Judge, appealed from.

And it is so ordered.

MESSRS. JUSTICES STABLER and CARTER concur.

MR. CHIEF JUSTICE WATTS (concurring in result):

The plaintiff claims damages for certain trespass committed on her property by the agents of the defendants, the defendants being road contractors constructing the paved highway between Columbia and Lexington; the complaint alleging that the agents of the defendant entered on her property, trod down her grass, cut down and moved certain small trees and underbrush, and dug a ditch and caused water from a spring to flow through said ditch on to other parts of plaintiff's premises.

The defendants by their answer allege that any acts committed by them in digging the ditch through plaintiff's premises were under the authorization and direction of the South Carolina Highway Department; they deny that the plaintiff was injured and ask that the State Highway Department be made a party defendant for the reason that any liability for the acts of the defendant rests upon the said South Carolina State Highway Department.

The defendants duly made a motion to have the said South Carolina State Highway Department made a party defendant to this action, which motion was refused, and this appeal is taken from the order of his Honor, Judge Henry, refusing said motion.

The Highway Department of the state is not a proper or necessary party. The appellants did not innocently enter on the lands of the respondent; Sullivan's letter showed that.

The exceptions should be overruled under *Murray Drug Co. v. Harris,* 77 S. C., 413, 57 S. E., 1109, and *Sauls-Baker Co. v. Atlantic Ry. Co.,* 109 S. C., 285, 96 S. E., 118.

MR. JUSTICE COTHRAN (dissenting):

This is an appeal from an order of his Honor, Judge Henry, refusing a motion by the defendants for an order

making the South Carolina Highway Department a party defendant in the action.

The defendants, Lassiter & Co., were road contractors under contract with the highway department to pave the highway between Columbia and Lexington. The plaintiff alleges that in the construction of said work the defendants trespassed upon her land adjacent to the right-of-way of the road to her damage. The defendants claim that the damage, if any was caused by the construction of a ditch which began upon the right-of-way and extended upon the land of the plaintiff outside of the right-of-way; that the construction of the ditch was not a part of their undertaking under the contract with the department, but was undertaken at the express direction and authorization of the department under their conception that it was necessary for the proper drainage of the highway at that point, and arose to meet an emergency.

The theory of the defendants is that, if this condition be true, while they may be held liable for the damage done to the plaintiff, the highway department is liable over to them for such damages as they may be compelled to pay by reason of carrying out the express orders of the department in a matter not covered by their contract.

The issue between the parties upon the motion was so considered by his Honor who held that under the circumstances the department was not a *necessary party;* he refused the motion, and the defendants have appealed.

I think that there can be no controversy over the proposition that, if one should commit a tort, as the agent of another and at his special direction as to the fact and the manner of its perpetration, the principal and the agent would be joint tort-feasors; the same relation would exist if the tort should be committed by the agent acting within the *actual* scope of his agency, though not specially directed by the principal.

In either case the party injured would not be obliged to join both joint tort-feasors in his action; he might sue either or both. In an action against the agent alone, it could not therefore be said that the principal was a *necessary* party.

I think that it is equally true that, where the principal is held liable for the tort of his agent, not authorized or ratified by him, he has a cause of action against the agent for reimbursement of what he may be compelled to pay.

It would appear logically to follow that, when an agent is held liable for an act constituting a tort, which he was directed to perform by the principal, he would have an action against the principal for reimbursement.

In Tiffany Agency (2d Ed.), 428, it is said: "If the proper execution of the agency involves or may involve acts from which loss or liability may result, the request to undertake the agency operates as an implied promise to indemnify the agent against such loss or liability."

In 21 R. C. L., 834, it is said: "As a general rule, where one is employed or directed by another to do an act in his behalf, the law implies a promise of indemnity by the principal for damages resulting to the agent proximately from the execution of the agency, and for necessary expenses advanced or incurred by the agent in order to consummate that which he is directed to do."

See, also, 31 Cyc., 1532, 18 R. C. L., 544.

The matter is not to be decided upon the issue whether or not the principal under these circumstances is a *necessary* party to the action against the agent. I concede that he is not; but the issue is whether or not he is a *proper* party. If he is responsible over to the agent, I do not think that there can be a question but that he is a *proper* party, and it seems clear that in the orderly administration of justice and the settled policy of this jurisdiction to settle all controversies between parties interested, in one action, he should be made a party.

In fact, I cannot perceive any commendable objection to having two strings to the bow—two parties instead of one responsible to the injured party.

In *Peurifoy v. Mauldin,* 142 S. C., 7, 140 S. E., 253, 255, it was held that in an action against the president of a bank and a fidelity company, to recover the value of securities owned by the bank and alleged to have been misappropriated by the president, in which the fidelity company's answer alleged that the president delivered the securities, in connection with a personal affair, to a surety company which had knowledge of the president's dishonesty, the fidelity company was entitled to have the surety company brought in as a party defendant.

The Court says: "It cannot injuriously affect the receiver, who will have his judgment against both, and in the final decree the rights of the American Surety Company as against the National Surety Company will be protected."

*Miller v. Insurance Co.,* 132 S. C., 78, 129 S. E., 131, 133, an action on a Sheriff's bond against a surety, holds that the trial Judge abused his discretion in refusing to have the Sheriff made a party, the Court saying: "It occurs to us that every conceivable ground was present to induce the conclusion that the bringing in of the Sheriff as a party defendant was just, reasonable, and in line with the policy of the law 'to prevent a multiplicity of suits and that there may be a complete and final decree between all parties interested'; certainly 'a consummation devoutly to be wished,' a desirable result."

In the *Miller case, supra,* this Court declares: "The following authorities demonstrate that the joinder of the party from whom the defendant is entitled to indemnity is so just and reasonable that the denial, without any reason at all, is reviewable, notwithstanding the general rule that such matters are within the discretion of the trial Judge"—citing numerous authorities.

In *Fort Worth v. Allen,* 10 Tex. Civ. App., 488, 31 S. W., 235, 237, it is held: "It has always seemed to us just and right that the one who is ultimately [liable] * * * should be made a party to the suit in which the amount of his liability is to be fixed."

In *Philadelphia Underwriters v. Fort Worth,* 31 Tex. Civ. App., 104, 71 S. W., 419, 420, cited by this Court in *Miller v. Insurance Company,* the opinion declares: "Indeed, as an original proposition, it is undoubtedly true that the prevention of a multiplicity of suits is desirable, and we find no sound reason why in this case the Court should not in the one action proceed to determine the rights and liabilities of the respective parties. Such rights and liabilities in their final analysis, rest upon the same wrongful act, omission, or transaction. Without such act or omission, no cause of action would have arisen, and it certainly seems in harmony with our system of jurisprudence to hold that the judicial tribunal whose power to pass in review upon the transaction is invoked shall determine and declare the legal effect of every proximate consequence, if the same can be done without confusion, multiplication of issues, or impairment of substantial rights of the parties involved."

This Court has already decided the precise point involved in this appeal in a case remarkably similar to the case at bar, *Gooch v. Elliott,* 120 S. C., 245, 113 S. E., 72:

"In a suit for trespass, direction of a verdict for defendants because they acted by direction of a county highway commission was error, since they would still be personally liable if they knew their acts were unlawful, and that was a question for the jury.

"Where defendants in an action for trespass were acting as agents for the county highway commission in repairing a highway when they entered upon plaintiff's land and removed top-soil, the county highway commission should be made a party defendant."

To quote from the opinion: "It is apparent that a complete determination of the rights of the parties cannot be had without the presence of the Cherokee County Highway Commission as a party defendant, and the plaintiff is directed by amended summons and complaint with appropriate allegations to conform to this suggestion."

For these reasons I think that the order appealed from should be reversed and the case remanded to the Circuit Court, with direction that a proper order be issued making the highway department a party defendant, with leave to the defendants, if they be so advised, to amend their answer so as to obtain the benefit of reimbursement in the event that recovery be had against them and they establish their right thereto.