13686

DEAS v. ROCK HILL PRINTING & FINISHING CO. *ET AL.*

(171 S. E., 20)

*Messrs. McDow & Hilderbrand* and *Robinson & Robinson,* for appellant,

*Messrs. Spencer & White* and *W. M. Dunlap,* for respondent,

*Messrs. Wilson & Wilson* and *Hart & Moss,* for other respondents,

August 29, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellant brought action against Rock Hill Printing & Finishing Company and A. O. Joslin to recover damages for injuries to his lands, and other property rights, by polluting the waters of Fishing Creek which runs through appellant's lands; which waters are used by appellant and his family for domestic purposes, for the watering of his live stock, for power for his grist mill and gin, and for like uses. He alleges that the pollution is caused by the printing & finishing company, of which A. O. Joslin is manager, discharging its effluent, tailings, refuse, and poisonous substances and deleterious matter into the sewerage system of the City of Rock Hill, from which they are conveyed to the waters of Fishing Creek which runs through appellant's land.

The above-named defendants attempted to secure the removal of the case to the United States District Court for the Western District of South Carolina, on the ground of diverse citizenship, the Rock Hill Printing Company being a foreign corporation. The motion for such removal was denied. Thereupon these defendants vouched the City of Rock Hill to come in and defend the suit. The city then petitioned the Court of Common Pleas to be made a party defendant to the action. The plaintiff resisted the petition, but by order of date November 4, 1932, the petition was granted.

It is from that order the appeal comes to this Court.

The Rock Hill Printing & Finishing Company, which for the sake of brevity I shall call the printing company, and the City of Rock Hill, of which I shall speak as the city, answered the complaint. The essential features of the answers here to be considered are comprised in the allegations: That the printing company, when it established its plant at Rock Hill, entered into a contract with the city by which it was given the right to empty its effluent, sewerage, tailings, etc., in the sewerage system of the city; and that the city

contracted to hold the printing company harmless in any suits or actions which might be brought against it for such use of the city's sewerage system.

The sole question of the appeal with which I care to deal is whether it was error to make the city a party to the suit.

Mr. Justice Carter has written an opinion in the case sustaining the order of the Circuit Judge. Since I cannot concur in that opinion, I think it is well that I state the grounds of my conclusion, as briefly as I may.

Mr. Justice Carter concedes that it is the well-established rule of law in this jurisdiction that a plaintiff may sue one or more of several joint tort-feasors, at his election; but he holds that the rule does not apply in this present case, because it is applicable only in actions at law, and this is a suit of twofold nature; an action at law for damages and a prayer for injunctive relief, based on appropriate allegations. In support of this position he cites from 47 C.. J., 81, the following: "Legal or Equitable Relief Distinguished: A distinction is made according to whether the relief demanded, in an action for an injury arising out of the separate acts of different defendants between whom there has been no common design or concert of action, is of a legal or equitable nature, it being held that, although a joinder of defendants cannot be had, in such a case in an action at law for damages, such a joinder may be had in an action asking equitable relief, as where plaintiff seeks an injunction against the continuance of the tortious acts."

I do not think this citation sustains the contention of Mr. Justice Carter's opinion. By its express terms it does not apply, where there has been a common design or concert of action between the defendants. The very ground of the petition for making the city a party to this action is the common design and concert of action between the printing company and the city. Again, the author of the article cited explicitly states that there cannot be a joinder, "in such case in an action at law for damages." But it is argued that this

is a suit in equity. I am not able to agree with this conclusion. It is an action at law sounding in tort. The prayer is for damages. The prayer for an injunction to restrain defendants from a continuance of the tortious acts complained of is but an incident to the relief sought, and cannot change the nature of the action. No injunction can be granted unless there is a recovery of damages, and that question can be decided only by a jury. A typical case of this character is that of *Brasington v. Williams et al.,* 143 S. C., 223, 141 S. E., 375. That was an action for damages and injunction, for obstructing a road, and was tried on the law side of the Court with a jury. When the jury found nominal damages for plaintiff, and not till then, the Court, in the exercise of its equity function, granted the order which made the injunction permanent. No question was made that this was not an action at law.

It may be conceded that the rule laid down in the citation from *Corpus Juris, supra,* will apply in a case where the sole relief sought is equitable; as for instance, in a suit by one tenant in common to restrain another tenant in common from a threatened. unlawful use of ·the common property, and there are other parties necessary to the complete determination of the issue.

Mr. Justice Carter seeks to differentiate this case from that of *Little v. Lassiter & Co.,* 156 S. C., 286, 153 S. E., 128, on the ground that in the *Little case* the demand was for a money judgment only. The record of the printed case does not so appear. The nature of the action, which was one for damage for trespass on real estate, would seem to indicate that plaintiff desired to enjoin the continuance of the trespass as well as to recover damages. However, that is by the way. The *Little case,* it seems to me, definitely settles the issue here presented, viz., was the city properly made a party to this action?

Mrs. Little sued the R. G. Lassiter Company for cutting a ditch on her land. They were road contractors, and for one defense pleaded that they acted under the authority and

by the direction of the State Highway Department, and they sought to have the Highway Department made a party defendant. The petition was denied. On appeal Mr. Justice Blease, now Chief Justice, delivered the prevailing opinion, in which he said:

"This action is one on tort. The respondent, as plaintiff, sued the appellant, as defendant, for appellant's alleged tortious trespass on her lands. It does not appear from the complaint that the respondent knew that the State Highway Department authorized the acts of the appellant, the road contractor. But even if the respondent knew that, under the well-recognized legal principles * * * the respondent had the clear legal right to sue both the contractor and the State Highway Department, or to sue either one of them alone.

"The appellant's effort to make the State Highway Department a party to the action against the desire of the respondent was, to my mind, an interference with a well-recognized legal right of the respondent."

From *Corpus Juris* I take the following: "Unless otherwise provided by statute, and subject to certain exceptions, strangers to a suit may not be allowed to interfere therein and become parties without, or against plaintiff's consent." 21 C. J., 342.

In the case under consideration against plaintiff's strenuous objection, and upon the petition of the City of Rock Hill, taken at the instance of the defendants, the Rock Hill Printing & Finishing Company, and its manager, A. O. Joslin, the city is made a party to the action for the alleged reason that there is a contractual relation between the city and the printing company—to which plaintiff is a total stranger—under the terms of which the city may or may not become liable to the printing company.

The case is in strict accord with the case of *Little v. Lassiter, supra,* and I may, with peculiar aptness, quote again the language of the present Chief Justice in that case, to wit: "The appellant's effort to make the State Highway

Department a party to the action against the desire of the respondent was, to my mind, an interference with a well-recognized legal right of the respondent."

Again, from the same opinion I quote this: "While agreeing with the conclusion of the Chief Justice (Watts) that the order below should be affirmed, because of the view I entertain, I cannot concur in his holding that the matter of requiring or failing to require the respondent to bring in the State Highway Department was one within the discretion of the presiding Judge. As indicated, I think the respondent had the right to elect if she should sue one or both of the alleged tort-feasors."

Associate Justices Stabler and Carter concurred in this opinion. Chief Justice Watts concurred in the result. Mr. Justice Cothran dissented on certain grounds, but he concedes the correctness of the statement that a plaintiff in an action in tort may sue one or more joint tort-feasors at his election.

Let the plaintiff and the Rock Hill Printing & Finishing Company settle the issue between them without injecting into the case the power and weight of the influence of the city against the plaintiff.

In the contract between the printing company and the city the latter is not liable to recoup the former if it lose in this action, if it is shown that the printing company was negligent in the care and operation of its plant. The city's liability is contingent. It should keep "hands off" till that issue of liability is settled between the original litigants.

The judgment of this Court is that the order appealed from be, and the same is hereby, reversed.

Mr. Chief Justice Blease and Mr. Justice Stabler concur.

Mr. Justice Carter (dissenting): As a statement of this case I adopt, in the main, the agreed statement of counsel appearing in the trinscript of record.

The action was commenced by the plaintiff, Levy Deas, against the defendants, Rock Hill Printing & Finishing

Company and Archie O. Joslin, for injury and damage caused to the plaintiff, his home and lands, by the alleged negligent, willful, and tortious acts and trespasses of the defendants in alleged violation of the Constitution and laws of the State of South Carolina and of the United States, and in thereby taking without compensation and without due process of law the appellant's property and property rights.

On the 24th of September, 1931, the respondent, Rock Hill Printing & Finishing Company, filed a petition and bond for removal to the District Court of the United States for the Western District of South Carolina upon the ground that the said company was a foreign corporation, that the complaint presented a separable controversy, and that the joinder of the defendant, Joslin, was fraudulent. Issue as to the fraudulent joinder was raised in the United States District Court by plea of the plaintiff; said traverse having been filed on the 1st day of October, 1931.

On November 7, 1931, notice of motion to remand was served on the attorneys for the plaintiff. Thereafter, on the 11th day of March, 1932, the motion was heard by the Hon. J. Lyles Glenn, who, on August 17, 1932, remanded the case to the Court of Common Pleas for York County.

On October 22, 1932, the respondents, Rock Hill Printing & Finishing Company and Archie O. Joslin, moved upon notice before the Court of Common Pleas for York County to make the City of Rock Hill a party defendant, and notified the City of Rock Hill to come in and defend this action. The City of Rock Hill also filed a petition on said motion, in which the city asked also to be made a party defendant.

Upon the hearing of the motion and consideration thereof and of the contract by and between Rock Hill Printing & Finishing Company and the City of Rock Hill, Circuit Judge Thomas S. Sease made an order on the 4th day of November, 1932, making the City of Rock Hill a party defendant and giving it 20 days to plead to the complaint herein.

From the said order of the Circuit Judge directing the City of Rock Hill to be made a party, defendant, the plaintiff has appealed to this Court.

Appellant presents his allegations of error under eight exceptions, but it is agreed that the sole question involved in the appeal is whether the lower Court erred in making the City of Rock Hill a party defendant, without the consent of the plaintiff.

The allegations of the complaint pertinent to the question presented may be substantively stated as follows:

The plaintiff, a resident and citizen of York County, this State, is the owner, and has been for several years, and in possession and use of, a certain tract of land in Catawba township, said county and State, situate on the waters of Fishing Creek, containing approximately 70.3 acres; that the said creek flows "in, over and through this home and farm of the plaintiff"; that the plaintiff, with his family, resides on this land, and has thereon, in addition to his dwelling house, out buildings used by him in connection therewith, also "a dam, canal and waterpower which he uses in the operation of a grist mill and cotton gin, owned by him and located thereon"; and likewise "has been accustomed (as he had a right to do) to use the waters of the creek for his domestic purposes, and various kinds of fish have usually existed and bred in said stream, used and useful for game and food. Moreover he uses this land, with other lands which he rents hereby, as a farm; and from the use of this home, farm, stream, mill and gin the plaintiff derives the income for support of himself and his family."

Included in the acts of wrong charged against the defendants, Rock Hill Printing & Finishing Company and Archie O. Joslin, are the allegations, in effect, that the said Rock Hill Printing & Finishing Company is a corporation engaged in operating a manufacturing plant in the said County of York "for the bleaching and printing of cloth," and that the defendant, Archie O. Joslin, is a citizen and resident of the said county, and is now, and has

been since the commencement of the operations of the said plant by the said Rock Hill Printing & Finishing Company, its general manager in charge and control of its plant and the operation of the same, acting within the scope of his employment and duties; that the said plant is situated a few miles north or northwest of the home and said lands of the plaintiff, and "the waste water, effluent and chemicals from and after use of said plant is drained and empties into the waters of Fishing Creek, above the lands and home of this plaintiff, and mixes, intermingles and flows with the water of this creek, through, over and along the lands and home of the plaintiff." In this connection the plaintiff makes the following additional allegations:

"6. The defendants commenced the operation of the manufacturing plant of the Rock Hill Printing & Finishing Company some time in the winter of 1929-30, and as plaintiff is informed and believes, since that time have continuously, in connection therewith and for the purposes of conducting the operations of the manufacturing plant, intentionally, wrongfully, negligently and willfully discharged and emptied into the waters of Fishing Creek, refuse, tailings, and/or waste from dye stuffs, including deleterious and poisonous substances and chemicals in large quantities, without in any wise filtering, treating, distilling or otherwise restoring to a condition of purity or wholesomeness said waste, refuse and/or tailings; and without attempting to remove or prevent the pollution and/or poison therefrom.

"7. That by the wrongful, negligent, and wilful acts of defendants, the waters of Fishing Creek in, along and through the lands of the plaintiff have become and are fouled, poisoned and polluted. The waters give off and cause noxious odors, smells and gases which are carried to and invade the dwelling house and home of the plaintiff, making the occupancy thereof unwholesome, unhealthful, uncomfortable and unpleasant, and in fact unfit for use as a home. The poisons, odors and gases seriously affect, interfere with and impair the necessary and proper use of and work on

the farm and in and about the operation of the mill, cotton gin and machinery.

"Further, as plaintiff is informed and believes, the waters, by reason of such pollution, have become and are unfit for domestic use. They are unhealthy and deleterious to animal life, causing the death of chickens, ducks and geese belonging to the plaintiff and the death of fish which were accustomed to inhabit the stream; and seriously injuring domestic animals at work in and about the stream. The waters are unfit for bathing purposes and the use thereof for such purpose is deleterious; and the inhalation of the gases and odors therefrom and the use of the water is harmful and deleterious. All to the damage of the plaintiff in the sum of Twenty-five Thousand ($25,000.00) Dollars.

"8. That by reason of the use and pollution of the waters of the stream by the defendants the home and farm, mill and gin of the plaintiff have been and are most seriously invaded, injured and damaged and depreciated and practically taken and destroyed by the defendants without compensation and in violation of the Constitution and laws of the State of South Carolina and the Constitution of the United States.

"9. That the wrongful, negligent and wilful acts of the defendants hereinabove set forth constitute and are a wanton and continuing invasion of the personal and property rights of the plaintiff.

"Wherefore plaintiff prays judgment against the defendants:

"(1) For Twenty-five Thousand ($25,000.00) Dollars damages and costs.

"(2) For an injunction restraining the defendants from continuing said unlawful and wrongful acts.

"(3) For such other and further relief as the plaintiff may be entitled to in the premises."

In support of his contention that the Circuit Judge erred in making the City of Rock Hill a party defendant to the action, appellant calls attention to a number of South Caro-

lina cases, as well as decisions in other jurisdictions. The case of *Little v. Lassiter & Co.,* 156 S. C., 286, 153 S. E., 128, cited by appellant, and, it seems, mainly relied upon for supporting his position, is the latest decision of this Court on the question of making a joint tort-feasor a party defendant. In that case the question at issue therein was considered at length and the former decisions of this Court having a bearing thereon reviewed. We wish to state at this time that the Court adheres to the principles declared and announced in that case. But, in our opinion, the conclusion reached in the *Little-Lassiter case* is not controlling in the case at bar. It' is true, as held in that case, the plaintiff has the right to select either one or more of joint tort-feasors to bring his suit against, and, we may add, ordinarily the one sued will not be heard to complain because the others were not made joint defendants with him. But the case at bar does not fall within that rule. It is distinguishable from the *Little-Lassiter case*. In the first place, attention is called to the fact that in that case the plaintiff instituted the action for the sole purpose of recovery of judgment for a certain sum of money against the defendant, based on alleged wrongful acts alleged to have been commited by the defendant. (See complaint on file in the office of clerk of this Court in case of *Little v. Lassiter*.) No equity relief was sought; whereas, in the case at bar, the purpose of the action is twofold. The suit is not only for recovery of damages alleged to have been sustained by the plaintiff on account of the wrongful acts alleged to have been committed by the parties he brought action against, but the action is also an action in equity, that is, injunctive relief is sought, and basis is laid therefor not only in the prayer of the complaint but under the allegations set forth in the body of the complaint. In this connection attention is called not alone to the prayer of the complaint but to the body of the complaint as well, above quoted. The prayer of the complaint reads as follows:

"Wherefore plaintiff prays judgment against the defendants:

"(1) For Twenty-five Thousand ($25,000.00) Dollars damages and costs.

"(2) For an injunction restraining the defendants from continuing said unlawful and wrongful acts.

"(3) For such other and further relief as the plaintiff may be entitled to in the premises."

It is clear from this prayer that one purpose of the action was to obtain equitable relief, to get an injunction restraining the defendants from continuing the alleged wrongful and unlawful acts, and the prayer closed with the usual language used in equity suits, to wit: "(3) For such other and further relief as the plaintiff may be entitled to in the premises." This language used in the prayer of the complaint shows clearly that the action was intended as an action in equity as well as an action to obtain a money judgment. But suppose, as appellant seems to contend that the prayer of the complaint should not be regarded as a part of the complaint and should be disregarded altogether, the allegations contained in the body of the complaint show clearly that the action was intended as an action in equity as well as for recovery of a money judgment on the law side of the Court. In addition to the other allegations of the complaint, special attention is called to the closing paragraph, reading as follows: "That the wrongful, negligent and wilful acts of the defendants hereinabove set forth constitute and are a wanton and *continuing invasion* of the the personal and property rights of the plaintiff." (Italics ours.)

It cannot be successfully contended that the suit is not an action in equity as well as a suit on the law side of the Court for a money judgment.

Another distinguishing feature of the case at bar is that not only did one of the defendants sued, Rock Hill Printing & Finishing Company, take steps before the Court to have the City of Rock Hill made a party defendant, for the reasons presented to the Circuit Judge, but the City of Rock

Hill, itself, petitioned to be allowed to come in and defend, because of being vitally interested in the matters involved in the suit. It also appears that the interest of the public is involved in the suit. It further appears that the plaintiff, before instituting the suit, had notice, actual or constructive, of the interest of the City of Rock Hill, and, necessarily, knew of the interest of the public.

Since, as shown above, the plaintiff in the case at bar is seeking injunctive relief, as well as damages for the alleged tort alleged to have been committed by the parties sued, the rule applicable in cases in equity must be applied, and not the rule applicable in actions at law, when the plaintiff may sue, at his pleasure, jointly or severally two or more joint tort-feasors, and cannot be made to bring in additional parties. In 47 C. J., 81, we find the following statement bearing on the subject: "Legal or Equitable Relief Distinguished. A distinction is made according to whether the relief demanded, in an action for an injury arising out of the separate acts of different defendants between whom there has been no common design or concert of action, is of a legal or equitable nature, it being held that, although a joinder of defendants cannot be had, in such a case in an action at law for damages, such a joinder may be made in an action asking equitable relief, as where plaintiff seeks an injunction against the continuance of the tortious acts."

In considering this question, it must be kept in mind that the City of Rock Hill, on account of the contract between the parties, is vitally interested in the outcome of the case, and, because of this relation and the resultant effect upon the said city and its citizens, we do not see how the Court could afford to grant the relief sought by the plaintiff without first permitting the city to be heard in the cause. In this connection attention is called to the notice served upon the city by the printing company calling upon it to defend the action; also to the contract involved, as well as to the petition of the city asking to be allowed to come in and defend the action. Special attention is called to the following state-

ments set forth in the said notice served by the defendants upon the City of Rock Hill:

"4. The defendants herein notify you, and each of you, to come in and defend said action for and on behalf of the City of Rock Hill, the said notice and demand being based upon representations, guarantees, covenants and warranties made by the said City of Rock Hill, through its duly authorized and lawful representatives, made and given to the defendants, before, at and upon the establishment of its printing plant in the City of Rock Hill, and the using of said sewerage system of said city, which said sewerage line or drain eventually empties into Fishing Creek, the said covenants, warranties, guarantees and representations on the part of the said city being given for valuable consideration and as an inducement to said plant to locate in the City of Rock Hill, and to use its sewers and drains as aforesaid, being as follows:

"(a) The City of Rock Hill agreed and contracted to save the defendants harmless from claims and demands for damages, etc., caused by said additional water system as used by said defendants and in the operation thereof.

"(b) The said city agreed to receive into its sewerage system and to dispose of the sewage from the lands, buildings any effluent of the said defendants, of whatsoever nature, including water for chemicals wholly or partly used in connection with the company's printing, finishing and dyeing activities, in the due course of the natural conduct of the company's business, without obligation on the part of the company to treat said sewage before disposing of the same into the said City's sewerage system, and without liability on the part of the company for said sewage after the same shall have been passed into the City's sewer; and the City agrees to pay the cost and expenses of the defense of any action or proceeding against the company arising out of said sewage or disposal thereof, and to hold the company

harmless therefrom, unless the same shall be due to the neglect of the company in the care and operation of its plant.

"(c) That said City of Rock Hill, through its lawful agents and representatives, and in pursuance of said contract, authorized, directed and instructed the said defendants to empty its effluent into a certain sewer or drain alleged to belong to said City, and said defendant has so emptied its effluent as authorized and instructed by the officials and representatives of said City, and without negligence on its part, but only, wholly and completely in accordance with the terms and conditions of said contract as between said City and Rock Hill Printing and Finishing Company.

"(d) That these defendants relied wholly and completely, as they had a right to do, upon the contract, agreement and instructions from the said City of Rock Hill to the defendant, Rock Hill Printing and Finishing Company, believing that said City had the right to so contract, and that it was the owner in fee of the right and easement to and in all sewers and drains used by these defendants, and the defendant, Rock Hill Printing and Finishing Company entered into said contract in good faith, relying upon such warranties and contracts with said City, expended large sums of money and is now engaged in the operation of its said plant wholly and only in accord with the terms of the said contract, and the warranties, covenants and agreements therein recited.

"5. That certain taxpayers of the City of Rock Hill, F. D. Green and others, questioning the validity of such contract between the City of Rock Hill and Rock Hill Printing and Finishing Company, brought their action to enjoin certain construction works by the City of Rock Hill, and questioned the validity of the contract herein referred to, and which is made a part of this complaint, marked Exhibit 'B,' and asked that the City of Rock Hill be enjoined from doing said work or entering into said contract, which said action and proceedings for injunctive relief were heard in the

original jurisdiction of the Supreme Court of South Carolina, and said Court, by its orders and decrees, held and determined that said City had full authority and power to enter into said contract, and the said contract, in all of its terms and particulars in the matters herein set out was upheld and declared to be a binding and valid contract on the part of the City of Rock Hill with the defendant, Rock Hill Printing and Finishing Company.

"6. You are, therefore, notified to appear and defend said action, and you are further notified that the defendants herein intend to, and will hold said City liable for any judgment against the defendants, or any damages sustained by them or for any costs or attorneys' fees incurred in defending said action.

"7. You are further notified that unless in the meantime, of your own motion, you petition the Court that you be made a party defendant, for the purpose of defending said action, that these defendants will, on the 4th day of November, 1932, move before the Honorable T. S. Sease, the presiding Judge of the Sixth Circuit, for an order directing that you may be made Parties Defendant, that you may defend the said action."

The contract referred to in the above notice is printed in the transcript of record, but the same will not be quoted or restated herein for the reason that we consider it unnecessary, but deem it sufficient to state that upon examining this contract we find that the same supports the statements contained in the foregoing notice. This contract was duly considered by this Court in the case of *Green et al. v. City of Rock Hill et al.,* reported in 149 S. C., 234, 147 S. E., 346, and the obligations assumed under the said contract by the City were held to be within the scope and authority of the city. For the purpose of a clearer understanding of the issues involved in the case at bar reference is made to the opinion in that case, written by Mr. Justice Stabler as the organ of the Court. The above-mentioned notice was di-

rected to the mayor of the City of Rock Hill and the several members of the council, constituting the City Council of the City of Rock Hill. The petition of the City of Rock Hill to which we refer, asking to be made a party to the cause, reads as follows:

"The petition of the City of Rock Hill respectfully shows:

"1: That said City has been served with notice of a motion returnable herein on the 4th day of November, 1932, that unless in the meantime the City of Rock Hill petitions the Court to be made a party defendant in the above entitled action, in order that the said City may defend the said action, the defendants will move the Court for an order directing that the said City be made a party defendant.

"2. That the City of Rock Hill admits that it is a party to the contract between the City of Rock Hill and the Rock Hill Printing and Finishing Company, attached to the aforesaid notice as 'Exhibit A,' and says that the City is vitally interested in the aforesaid action by reason of the aforesaid contract, and because the entire outfall from the Rock Hill Printing and Finishing Company is received into the sewerage system of the City of Rock Hill, and thence passed into the streams upon which the lands of the plaintiff are situated.

"For the reasons aforesaid, and upon the entire record in the aforesaid cause, the City petitions the Court to be allowed to come into the action, and be made a party thereto, and be allowed to set up its defense in the aforesaid action, and protect its rights thereunder."

It is thus seen that the City of Rock Hill is vitally interested in the outcome of the suit and there is no ground for questioning the *bona fide* purpose of the petition. Upon the City of Rock Hill, as a municipality under the laws of the State of South Carolina, is devolved the duty, not only of preventing an unjust claim being assessed against the city as such, but to safeguard the best interests of its inhabitants. That the contract above referred to was entered

into by the city for the purpose of promoting the progress of the city and the benefit of the public generally must be assumed, which contract was approved by the Court, and the plaintiff must have known of the existence of the contract at the time of the commencement of the action. Not only was there held a well-advertised city election regarding the contract in question, but the validity of the same was tested in the Court. It can hardly be imagined that the plaintiff did not know what was going on, and, further, had full opportunity of informing himself regarding these matters from the records. He knew that the City of Rock Hill, as a municipality, and for the protection of its inhabitants, was vitally interested in the questions involved in the suit. These facts were before the Circuit Judge when his Honor issued the order permitting the city to come in and defend the action. His Honor knew from the record before him that the outcome of the suit would vitally affect the city and the residents therein. If, under the contract referred to, the city has to pay whatever damage may be awarded to the plaintiff against the defendants in the case, the same will eventually have to be paid by the citizens of the city, and, further, if the plaintiff is granted the equity relief sought by the suit, the printing plant in question would evidently have to be closed, and such an act would necessarily affect the city and its inhabitants as a whole. A reading of the contract referred to convinces us that the large amount of money invested by the defendant, something over two million dollars, it appears, would not have been invested except for the fact of the execution of the contract in question and the approval of the same by the Court as to the matters stated by this Court in the case of *Green et al. v. City of Rock Hill et al., supra,* and under our view of the case the City of Rock Hill should be permitted to be heard on the matters involved in the suit in conformity with its petition. Under any view of the case, the nature of the case is such as to give to the Circuit Judge some discretion in the matter in passing upon

the petition referred to, and we fail to see wherein his Honor abused his discretion in granting the petition and permitting the City of Rock Hill to come in and defend the action. As stated at the outset, one of the essential differences involved in the *Little-Lassiter case, supra,* and the case at bar is that no equity question was involved in the first-mentioned case, whereas, in the case at bar, equity questions are involved. But there is also another distinguishable feature to which we wish to call attention. In the *Little-Lassiter case,* no contractual relation existed as exists in the case at bar, regarding judgments awarded against the defendant. In this connection we call special attention to the cases of *Miller & Barnhart v. Gulf & Atlantic Insurance Co.,* 132 S. C., 78, 129 S. E., 131, and *Peurifoy v. Mauldin,* 142 S. C., 7, 140 S. E., 253, in which cases a contractual relationship existed, and the Court held in those cases that it was proper to allow the third party to come in and defend.

Our attention has been called to the case of *Brasington v. Williams et al.,* 143 S. C., 223, 141 S. E., 375, 377. That case in one respect is like the case at bar, in that the action was twofold in its purpose. The plaintiff sought damages and an injunction on account of the obstruction of a road. In the opinion of the Court in that case, written by Mr. Justice Cothran, as the organ of the Court, this statement appears:

"A temporary injunction was issued at the time of the commencement of the action, and was subsequently continued until the hearing of the case upon the merits.

"The law side of the case was tried before his Honor, Judge Bonham, and a jury, in March, 1924, the result of which was a verdict in favor of the plaintiff for $1.00 damages; and, upon the rendition of that verdict, a decree for a permanent injunction was entered on the equity side."

It is seen from the language used by the Court in that case that the Court clearly recognized the twofold nature of the action, seeking damages on the law side and injunc-

tive relief on the equity side. In that respect the *Brasington case* is similar to the case at bar, but the case is not in point, for the reason that the questions at issue in the case at bar were not raised in the *Brasington case*. No question was presented in that case regarding the rights of a third party to come in on petition and defend its rights involved in the case. Therefore the *Brasington case* is not in point. Of course, neither the *Brasington case* nor the case at bar could be considered a case in equity *solely,* but they are two-fold in their purpose. The purpose of the plaintiff in each case was to obtain a money judgment for the damages sustained and an injunction against the continuance of the wrongful acts alleged. Under the prescribed procedure in this state, the question of damages in the case at bar should, in our opinion, be tried on the law side of the Court, by a Judge and a jury, but the injunctive relief sought must be given, if given at all, on the equity side. As stated, the case at bar must be regarded as twofold in its purpose, legal and equitable, and, as we view the same, under all the facts and circumstances appearing in the case, the petition of the City of Rock Hill to come in and defend should be granted. In any event, the injunctive relief sought by the plaintiff should not be granted without giving to the City of Rock Hill an opportunity to be heard, for the reason that such injunction would vitally affect the interest of the city and its citizens, and we think the proper thing to do is to allow the city to come in at this time and defend its interest throughout the entire trial of the case.

For the foregoing reasons I think the order appealed from should be affirmed. While we have not discussed herein every position pressed by appellant, we have duly considered the same in connection with the entire record, and are forced to the conclusion that the exceptions should be overruled.

NOTE: Let the order of the Circuit Judge be incorporated in the report of the case.

On rehearing October 16, 1933.

## Order on Petition for Rehearing

*Per Curiam.*

The respondents, the printing and finishing company and the City of Rock Hill, present separate petitions for rehearing. Each of them excepts to the following language of the opinion in this case: "In the contract between the printing company and the city the latter is not liable to recoup the former if it lose in this action, if it is shown that the printing company was negligent in the care and operation of its plant. The city's liability is contingent. It should keep 'hands off' till that issue of liability is settled between the original litigants."

It is significant that the city seems to admit that its liability is contingent on the event of the action between Deas and the printing company, and contends that for that reason it should be a party defendant to the action; whereas the printing company contends that the effect of the opinion is to impair the obligation of the contract between the printing company and the city to the detriment of the city. Why should the printing company be so solicitous to reserve a decision which the city argues is in favor of the printing company and hurtful to the city?

We do not think that the language of the opinion against which the criticisms are levelled is open to the interpretation which the respondents have given it. However, to remove all doubt and apprehension, let the wording of the opinion hereinabove quoted be amended to read as follows:

"If the plaintiff prevail in this action, the question of the liability of the City to recoup the Printing Company for any sum it may be called on to pay the plaintiff, if there be such liability under the contract, can be settled in an action between them unhampered by any of the issues properly cognizable in this case now before the Court."

That the apprehension of the parties that the challenged language is an attempt of the Court "to construe and fix the liability as between the Rock Hill Printing & Finishing

Company and the City under their contract" is groundless, is shown by the further statement of the petition, viz., that the city is not a party to the action and would not be bound by the action of the Court. No one will deny that postulate, and that of itself should calm the fears of the printing company that the Court has decided that the city will become responsible to it, if it is defeated in the present action—and should reassure the city that the Court has not attempted to fasten such liability upon it. The Court has not decided at this time any issues which have arisen or will arise between the printing company and the city.

All other matters suggested by the petitions are strong recapitulations of the arguments presented by respondents' attorneys in their printed briefs.

The opinion in this case was written after mature consideration and discussion by every member of the Court. The petitions for rehearing do not disclose that any material matter has been overlooked or disregarded. The amendment to the opinion herein ordered to be made cures the objections to the quoted paragraph of the opinion. There is no need for a rehearing.

Let the opinion be amended as hereinabove directed, and let the petitions for rehearing be dismissed. It is so ordered.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur.

MR. JUSTICE CARTER: I dissent to the above order, for the reason that I think a rehearing should be ordered.