15193

C. I. T. CORPORATION v. AMBROSE ET AL.

(12 S. E. (2d), 717)

*Messrs. Epps & Epps* for appellant,

*Messrs. Samuel Want, James S. Verner* and *Sam Rogol* for respondent,

December 31, 1940.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE BAKER.

The order of Judge Lide, requested to be reported, follows:

"On September 17, 1938, A. J. Ambrose, the defendant above named, executed a note to Hyman Motors, Inc., and a purchase money chattel mortgage securing the same, covering a Plymouth automobile, the principal amount of these papers being $672.00, and payable at the rate of $28.00 per month for 24 months, with interest. This note and the chattel mortgage securing the same were immediately assigned to the plaintiff, C. I. T. Corporation. It is admitted that the monthly installments which matured each month beginning October 17, 1938, were paid up to and including the installment due October 17, 1939; and the complaint alleges that the balance due is $308.00, with interest and attorney's fees, for which judgment is sought. The complaint also alleges on

information and belief that the defendant subsequently to November 8, 1939, traded the Plymouth automobile to one C. Earle Pope, trading as Pope Motor Company, and that thereafter the Plymouth car was disposed of by either the defendant or Pope and the plaintiff deprived of the same as security.

"The answer of the defendant contains for a first defense a general denial; and then sets up as a second defense and by way of counterclaim, that E. Earle Pope, trading as Pope Motor Company, agreed to allow the defendant $650.00 for his Plymouth car, and to make the remaining payments thereon, if the defendant would purchase a new car from him, and that the defendant agreed that he would purchase the new car when it arrived and was ready for delivery, 'the trade to be made when the new car could be delivered to defendant,' and that the defendant left the Plymouth car at the Pope Motor Company's place of business 'pending the arrival of the new car,' which does not appear to have ever arrived, and Pope Motor Company has become insolvent. It is then alleged in the first counterclaim that the plaintiff took possession of the Plymouth automobile and converted the same to its own use 'before any monthly payment was due thereon,' and thus deprived defendant of the value thereof, to wit, the sum of $650.00. The allegations of the two counterclaims are practically the same, except that in the second counterclaim the conduct of the plaintiff is characterized as unlawful, wilful and wanton, resulting in alleged damages to the defendant in the sum of $2,000.00. And in the prayer of the answer the defendant seeks judgment against the plaintiff for $2,650.00.

"The plaintiff reserving its rights by way of motion to strike, etc., filed a reply to defendant's counterclaims wherein, among other things, it is alleged on information and belief that Pope Motor Company claims to have sold the Plymouth automobile to one C. M. Edens, who was then in its employ, taking from him a chattel mortgage dated November 24,

1939, securing an alleged balance due in the sum of $518.40; and this mortgage was assigned to the General Finance Company. The mortgage was duly recorded November 28, 1939, while the mortgage given by the defendant A. J. Ambrose to Hyman Motors, Inc., and assigned to the plaintiff C. I. T. Corporation was not recorded until December 18, 1939.

"It is further alleged in the reply that the plaintiff seized the Plymouth car in question while it was in the possession of Pope Motor Company after the refusal of the defendant Ambrose to make the stipulated payments, it being alleged in the complaint that the last payment by the defendant was made on November 8, 1939, and that he had failed and refused since that time to make any payments on the said indebtedness. It is further alleged in the reply that after the Plymouth car was seized by the plaintiff the General Finance Company made demand upon the plaintiff for the surrender thereof to it, basing its claim upon the recorded chattel mortgage given by Edens to Pope Motor Company and assigned by Pope Motor Company to the General Finance Company; and that the plaintiff did surrender the automobile to the General Finance Company after being threatened by it with a suit for conversion or in claim and delivery.

"I am of the opinion, however, that General Finance Company should be made a party defendant to this action to the end that there may be a complete determination of the controversy in this cause. Section 409, Code 1932. The counterclaims set up by the defendant in his answer directly involve the title and right to the possession of the Plymouth automobile in question, which may be considered in some respects as the subject of the action. It is conceded that the defendant Ambrose was originally entitled to possession thereof so long as he was not in default under the mortgage held by the plaintiff, C. I. T. Corporation. Did then the General Finance Company acquire title to or right to the possession of this automobile? If it be so determined upon the trial of this

cause, the claim of the defendant Ambrose against the plaintiff C. I. T. Corporation for conversion will fail. If on the other hand General Finance Company did not acquire title or right to the possession of the automobile, and if the defendant Ambrose establishes his counterclaim for conversion, there will be involved issues between the plaintiff herein and General Finance Company, which may properly be adjudicated in this action, so that there may be a complete determination of the controversy.

"Hence it seems to me that this case comes squarely within the principles laid down in *Peurifoy v. Mauldin*, 142 S. C., 7, 140 S. E., 253, and that the rule announced in *Little v. Lassiter & Co.*, 156 S. C., 286, 153 S. E., 128, and *Deas v. Rock Hill Printing & Finishing Co.*, 171 S. C., 58, 171 S. E., 20, has no application. See the sound and lucid distinction made by Mr. Juctice Blease in the leading opinion in the *Little case* between that case and the *Peurifoy case*.

"It is further contended that the notice is insufficient because it does not seek to amend the summons nor does it set forth the allegations required to be inserted in the complaint by way of amendment in order to bring in the proposed new party. But it seems to me that these matters are merely incidental to the determination by the Court as to whether General Finance Company should be brought in. It is, therefore,

"Ordered, that the plaintiff's motion requiring that General Finance Company, a corporation, be brought into the cause with the status of a party defendant be, and the same is hereby, granted. And it is further

"Ordered, that the summons and complaint in this action be amended by adding General Finance Company as a party defendant herein, and that the complaint be amended to show by appropriate allegations, within the scope of the plaintiff's reply, the reasons for the joinder of such defendant; that the summons and complaint as so amended be served upon General Finance Company within twenty days from the date

of this order, and that such defendant shall have twenty days thereafter, exclusive of the day of service, within which to answer or otherwise plead in the cause; further, that the summons and complaint as so amended be likewise served upon counsel for the defendant, A. J. Ambrose, to the end that said defendant may, if he be so advised, amend his answer or otherwise plead therein. He shall have twenty days after the service of such amended complaint, not including the day of service, within which to plead."

MR. ASSOCIATE JUSTICE BAKER:

This appeal is from an order of Honorable L. D. Lide, Judge of the Twelfth Circuit, granting a motion made by respondent to bring in the appellant, General Finance Company, as a party-defendant in an action pending in the Court of Common Pleas for Horry County between respondent as plaintiff and one, A. J. Ambrose, as defendant.

Heard at the same time and disposed of in the same order, but adversely to movant, was another motion by respondent to strike out certain allegations contained in the answer of A. J. Ambrose, and further to strike out the counterclaims therein interposed and pleaded, but with this portion of the order we are not concerned, there being no appeal therefrom.

Upon the hearing of the motion before Judge Lide to bring in appellant as a party-defendant, appellant appeared specially by its counsel for the sole purpose of objecting to the granting of the motion.

After a study of the record, and upon careful consideration of appellant's exception, we are satisfied that Judge Lide properly decided the motion.

We here reproduce as the opinion of this Court that portion of the order appealed from which outlines the history of this litigation revealed by the peadings; and which disposes of the said motion.

The respective litigants will be governed by the date of the filing of the remittitur herein in complying with the last paragraph of the order adopted.

All exceptions are overruled.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES FISHBURNE and STUKES concur.