15867

SIMON *ET AL.* v. STROCK

(39 S. E. (2d), 209)

*Messrs. F. J. Canty* and *Wolfe & Fort,* of Gaffney, and *Julian S. Wolfe* and *T. B. Bryant, Jr.,* of Orangeburg, for Appellants,

*Messrs. Felder & Rosen,* of Orangeburg, for Respondent,

August 19, 1946.

MR. ASSOCIATE JUSTICE OXNER delivered the unanimous opinion of the Court.

Charlie Simon, while employed by the Ballenger Paving Company as a day laborer on a construction job at the United States Army Air Base near Greenville, South Carolina, was fatally injured on August 27, 1943. His employer carried workmen's compensation insurance. The carrier duly paid an award made by the Industrial Commission to the dependents of the deceased. This action was thereafter instituted under the provisions of Sections 411 and 412 of the Code of 1942, familiarly known as Lord Campbell's Act, by the administratrix of his estate to recover damages for alleged wrongful death, and was brought for the benefit of

the carrier to the extent of the amount paid by it and for the benefit of the widow and children of the deceased to the extent of any sum recovered in excess of the amount of said award. It is alleged in the complaint that the defendant, Raymond Strock, was a sub-contractor on said job and while so engaged, one of his servants negligently and wantonly backed a heavily loaded dump truck "upon and over the body of Charlie Simon, killing him instantly".

After the service of the summons and complaint, defendant filed a petition in which he alleged "that it was not his truck which brought about the injuries and resulting death of the decedent, but that it was caused by a truck either of Ballenger Paving Company or of E. W. Gibson, of Columbia, S. C., whose truck was working along with the trucks owned and operated by this defendant", and asked that Ballenger Paving Company and E. W. Gibson be made parties defendant "in order to properly adjudicate this matter and to save a multiplicity of suits". On an *ex parte* application, defendant obtained an order from the Resident Judge of the First Circuit granting the prayer of the petition and directing that copies of the summons, complaint and said order be served on Gibson and Ballenger Paving Company. The defendant also filed an answer in which, among other defenses, he denied "that either he or any persons acting under, by or through him, or any of his equipment in any way injured the plaintiff's intestate", and alleged, on information and belief, that the injuries sustained by plaintiff's intestate "were caused and occasioned by the truck and driver of one E. W. Gibson, of Columbia, S. C., who was operating on the same job and at the same time and under the same conditions as was this defendant; and that this defendant retained no control over the payment for operation by the drivers of said trucks, or over their movements, and that such employees and this defendant were employees of the said Ballenger Paving Company". Copies of the answer and order were duly served on plaintiff, who has appealed from said order.

The exceptions raise three questions: (1) Was plaintiff entitled to notice and to be heard on the question of making Gibson and Ballenger Paving Company parties to the action? (2) Did the Court err in bringing in these additional parties? (3) Does the payment of the award of the Industrial Commission relieve Ballenger Paving Company of any further liability and bar any further action against it?

We need not determine in this case whether it was necessary to give notice to Gibson and Ballenger Paving Company of the motion to bring them in as parties defendant. They are not parties to this appeal. The question before us is whether notice should have been given to the plaintiff, a party of record at the time defendant sought to bring in these additional parties. The plaintiff was vitally interested in this question. Her substantial rights were affected and she should have been given notice of the application to bring in other parties. 47 C. J., 138, Section 253; *Turner v. Washington Realty Co.,* 126 S. C., 378, 120 S. E., 371. The failure to give such notice constitutes a sufficient ground for reversal of the order appealed from. However, as the question of the right of the defendant to bring in these parties has been fully argued on the merits by counsel for both sides, we shall, in order to expedite the final determination of this litigation, proceed to determine whether the facts set forth in the. petition and answer of defendant were sufficient to justify the lower Court in making Gibson and Ballenger Paving Company parties defendant.

If the defendant and the parties sought to be brought in were joint tort-feasors, the decisions of this Court are clear to the effect that defendant would have no right to bring in as an additional defendant a joint tort-feasor who was not made a party by the plaintiff. *Little v. Robert G. Lassiter & Co.,* 156 S. C., 286, 153 S. E., 128; *Deas v. Rock Hill Printing & Finishing Co. et al.,* 171 S. C., 58, 171 S. E., 20. It is well established in this jurisdiction that one who is injured by the wrongful act of two or more joint tort-feasors has an election or option to sue each of such tort-feasors

separately or to join them as parties defendant in a single action. Every person who joins in committing a tort is severally liable for it and cannot escape liability by showing that another person is liable also. The election or option referred to is given to the plaintiff and not to the defendant. To allow a defendant, against the consent of the plaintiff, to bring in other joint tort-feasors would be an interference with the well-recognized right of the plaintiff.

Defendant says that these parties were not joint tort-feasors. He denies that he injured plaintiff's intestate. His counsel states in his brief "that the said E. W. Gibson, his agents or servants, committed the offense individually or as an agent or servant of the Ballenger Paving Company, and there is no cooperating cause on the part of the defendant, Raymond Strock, which would associate him in the delict alleged".

If the parties were not joint tort-feasors, we think the plaintiff has the choice of designating the party who she claims committed the tort alleged in the complaint. She should not be required to sue someone against whom she makes no claim. Any other practice would allow a defendant to select in part those to be sued and would force the plaintiff into uncontemplated and perhaps undesired litigation with every added defendant. There is no allegation in the complaint showing any liability on the part of either Gibson or Ballenger Paving Company.

Sections 404 and 409, Code of 1942, have "been liberally construed for the purpose of bringing before the Court all parties who may be necessary to a complete determination or settlement of all questions involved in the action". *Peoples Bank of Hartsville v. Bryant et al.,* 148 S. C., 133, 145 S. E., 692. But a party should not be brought in when doing so has the effect of "overriding repeatedly declared legal rights and revoking well recognized procedure". *Little v. Robert G. Lassiter & Co., supra.* These sections of the Code do not change the nature of tort liability. In *Philips v. Clif-*

*ton Mfg. Co.,* 204 S. C., 496, 30 S. E. (2d), 146, the Court said: "Additional parties are not necessary to a complete determination of the controversy unless they have rights which must be ascertained and settled before the rights of the parties to the suit can be determined".

The controversy here involved is whether or not defendant's servant negligently caused the death of the plaintiff's intestate. A complete determination of that controversy can be had without bringing in either Gibson or the Ballenger Paving Company. Neither of these parties claims any interest in this controversy adverse to that of the plaintiff. It follows from what has been said that it was not within the discretion of the lower Court to bring in these additional parties.

In concluding this phase of the discussion, it may not be amiss to point out that the defendant does not claim that in the event judgment was recovered against him, he is entitled to contribution from those sought to be brought in or to indemnity over against said parties. Neither is there any claim by the defendant that any liability on his part is secondary to that of those sought to be brought in.

There is an additional reason why the Ballenger Paving Company should not have been brought in as a party defendant. Having paid the award made by the Industrial Commission to the dependents of the deceased, said Company has been expressly relieved of any common law liability by the provisions of the Workmen's Compensation Act. *Brown v. Southern Railway Co.,* 202 N. C., 256, 162 S. E., 613.

Judgment reversed.

MESSRS. ASSOCIATE JUSTICES FISHBURNE, STUKES and TAYLOR and MR. ACTING ASSOCIATE JUSTICE J. HENRY JOHNSON concur.