**HILLS v. PRICE.**
Civil Action No. 1917.

District Court, E. D. South Carolina, Orangeburg Division.
Aug. 6, 1948.

Joseph J. Mulhern, of Boston, Mass., and Nelson, Mullins & Grier, and Belser & Belser, all of Columbia, S. C., for plaintiff.

Felder, Rosen & Horger, of Orangeburg, S. C., and Thomas, Cain & Black, of Columbia, S. C., for defendant.

WARING, District Judge.

This case is brought in this court because of diversity of citizenship of the parties and proper jurisdictional facts are alleged. The complaint alleges that the plaintiff was a passenger in an automobile which came into a collision with an automobile driven by the defendant, and the plaintiff suffered physical injuries. There are allegations of negligence in the operation of the car by the defendant. Three motions have been made and are here considered.

1. The first and most important is the motion by the defendant to make Herman E. Seifert a third party defendant. This is based upon the allegations that Seifert was the driver of the automobile in which the plaintiff Hills was riding and that the collision and resulting injuries were caused by the negligence of Seifert. And in the alternative, it is claimed that the collision was caused by the joint negligence of defendant and Seifert. And in the further alternative, it is claimed that the injuries were caused by the initial negligence of Seifert, so that the last named would be

liable to the defendant for any judgment that might be obtained by Plaintiff.

There is no doubt but that the defendant has a right, under Rule 14 of the Federal Rules of Civil Procedure for the District Courts, 28 U.S.C.A. following section 723c, to move to have a third party defendant brought in, and that it is within the policy and practice of the Federal Courts to encourage the consolidation of trials and determination of all issues arising out of one transaction wherever possible. In this case we have a passenger in an automobile who alleges that the driver of the other automobile was negligent and that such negligence caused the collision and the results flowing therefrom. And the defendant comes in and says that she was not negligent, but that if there was negligence, it was joint negligence of her and the driver of the other car, or even if she was negligent to such an extent that the plaintiff might recover from her, she in turn has a right to call upon the driver of the other car to take care of such judgment as might be rendered against her, because the other driver was initially or more negligent. Considering this from the standpoint of abstract justice, it would seem as if the motion should be granted and that the position of the defendant is well taken. But before so deciding, it is necessary to consider what is the law governing this case. Under the doctrine of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, we must look to the law of South Carolina to determine the rights of the parties; that is, the substantive rights, and not merely the rules of procedure in the matter of making third party defendants. The first thing to be determined is whether the position of the defendant that she has any right of action over and against the driver of the other car is true and correct under the law of South Carolina.

An examination of the pertinent authorities will show that under the common law, a person having a cause of action may elect whom he will sue, and save in exceptional circumstances persons so sued have no right of action over and against a joint tort feasor. *Union Stock Yards Co. v. Chicago B. & Q. R. Co.*, 196 U.S. 217,

224, 25 S.Ct. 226, 227, 49 L.Ed. 453, 2 Ann.Cas. 525, where it is said "* * * the general principle of law is well settled that one of several wrongdoers cannot recover against another wrongdoer, although he may have been compelled to pay all the damages for the wrong done." See also the very full Annotations in 85 A.L.R. 1091; 122 A.L.R. 520; 141 A.L.R. 1207. The outstanding exception to the rule is where suit is against a master and his sole responsibility is by reason of the delict of the servant acting in his behalf.

In a number of jurisdictions the legislatures have adopted statutes changing, modifying and ameliorating the hard rule of the common law as above stated. And in such jurisdictions, a defendant may bring in his joint tort feasor or one from who he claims indemnity. If the law of South Carolina has departed from this common law rule, either by legislative enactment or by construction of the courts, I should be not only constrained but glad to follow the same and allow the party alleged to be initially and primarily negligent to be brought into this court so that all the issues, contentions and claims between the respective parties could be heard and adjudicated at one trial. It is therefore necessary to examine the law of South Carolina to determine whether there has been such change or modification of the common law rule. The defendant has cited federal decisions sustaining his position. But my attention has been called to the fact that these decisions arise where the common law rule has been modified as above mentioned. The defendant argues that he is not attempting to force the plaintiff to sue another defendant but that he is in effect asking for ancillary relief by way of contribution or indemnity, and takes the flat position that if judgment be rendered against the defendant, he has a remedy against the driver of the other car and should not be forced to prove that by an independent suit, but that such driver should be brought in as a third party defendant and the whole matter adjudicated at one time.

No statute of the State of South Carolina has been pointed out to me that changes the common law rule. We therefore turn to the decisions of the South Carolina Supreme Court. It may be that both drivers of the cars are liable and the plaintiff could sue either, but the plaintiff takes the position that he may elect which party to sue and that if he can prove negligence against any one of the tort feasors, he is not in any way bound to bring in another. See Simon v. Strock, 209 S.C. 134, 39 S.E.2d 209, 168 A.L.R. 596. The Court says in 209 S.C. at pages 138 and 139, 39 S.E.2d at pages 209 and 211, 168 A.L.R. 596:

"If the defendant and the parties sought to be brought in were joint tort-feasors, the decisions of this Court are clear to the effect that defendant would have no right to bring in as an additional defendant a joint tort-feasor who was not made a party by the plaintiff. Little v. Robert G. Lassiter & Co., 156 S.C. 286, 153 S.E. 128; Deas v. Rock Hill Printing & Finishing Co. et al., 171 S.C. 58, 171 S.E. 20. It is well established in this jurisdiction that one who is injured by the wrongful act of two or more joint tort-feasors has an election or option to sue each of such tort-feasors separately or to join them as parties defendant in a single action. Every person who joins in committing a tort is severally liable for it and cannot escape liability by showing that another person is liable also. The election or option referred to is given to the plaintiff and not to the defendant. To allow a defendant, against the consent of the plaintiff, to bring in other joint tort-feasors would be an interference with the well recognized right of the plaintiff.

* * * * * *

"If the parties were not joint tort-feasors, we think the plaintiff has the choice of designating the party who she claims committed the tort alleged in the complaint. She should not be required to sue someone against whom she makes no claim. Any other practice would allow a defendant to select in part those to be sued and would force the plaintiff into uncontemplated and perhaps undesired litigation with every added defendant. * * *."

The doctrines laid down by the South Carolina Court in the foregoing excerpts are amply sustained by the cases cited therein and by numerous others which I

have examined but deem unnecessary to cite further.

■ Answering the defendants contention that the proposed third party defendant should be included in the suit because he may be liable to the original defendant, because the latter has a right of indemnity or contribution against him, the general law, unless changed by statute or court decision, seems to be otherwise. Certainly that is true in South Carolina. The rule is succinctly stated in Jenkins v. Southern R. Co., 130 S.C. 180, 125 S.E. 912, where the Court says at page 189 of 130 S.C. at page 915 of 125 S.E.:

"In Brown v. [Southern] R. Co., 111 S. C. [140] 141, 96 S.E. 701, the familiar principle is announced that there is no contribution between two joint wrongdoers."

The defendant has cited a number of federal cases from other jurisdictions, but as heretofore stated, these are not pertinent since we have to follow the State law. The only State case that in any way seems to sustain that position is Simon v. Strock, 209 S.C. 134, 39 S.E.2d 209, 168 A.L.R. 596, in which it is claimed that an obiter dictum would seem to imply that a tort feasor may claim contribution or indemnity against another tort feasor. But the case does not so hold but merely points out that there is not even such a claim made in the matter therein being adjudicated. That phase of the matter was not an issue in the Simon case and I do not feel that that dictum is any authority for overruling the long considered and frequently enunciated doctrines heretofore referred to, especially in view of the explicit statements in the opinion above quoted. I have therefore reached the conclusion that the motion to bring in the third party defendant should be refused.

■ 2. The plaintiff moves to strike certain of the defenses interposed by the defendant. These are the second and third defenses. The allegation in the second defense is that the injuries sustained by the plaintiff in the collision between the two automobiles were due solely to the negligence of Herman E. Seifert, the driver of the car in which the plaintiff was riding; and the allegations of the third defense are that even if there is liability by the defendant to the plaintiff, the above referred to Herman E. Seifert was negligent and is a necessary and proper party as an indemnitor to the defendant and is so liable to the defendant. If these defenses were valid and allowable, I would allow Seifert to be brought in as a third party defendant, but having treated that question in extenso, and having reached the conclusion that he cannot be made a party to this cause, it necessarily follows that the defenses are not good and should be stricken, and that the motion to that effect will be granted.

■ 3. The third motion is one by the plaintiff to be allowed to amend his complaint. It appears that certain allegations as to the numbers and the location of the roads on which the two automobiles were driven are sought to be amended and clarified. No serious objection was raised to these proposed amendments and I feel warranted in granting them almost as a matter of course.

At the hearing my attention was called to the fact that the proposed amended complaint while clarifying certain facts, on the other hand omitted the items of negligence claimed and relied upon in the first complaint. At this hearing it was disclosed that if the proposed amended complaint was allowed in the form submitted, defendant would move to have the same further amended by setting forth items of claimed negligence, asking for them as in the nature of a bill of particulars. Under these circumstances, it seems futile to allow the amended complaint in the form submitted when it is clear that a subsequent motion will follow which will have to be granted. I therefore deem it advisable to grant to plaintiff a right to file an amended complaint, not in the exact form submitted as a proposed amended complaint, but I direct that the complaint be amended in such respects as he may deem advisable and to include all necessary or pertinent facts and giving ample information as to the alleged acts of negligence by the defendant.

In accordance with the foregoing, it is ordered:

1. That the motion to bring in Herman E. Seifert as a third party defendant is refused.

2.  That the second and third defenses in the answer of the defendant are stricken out.

3.  That the plaintiff is allowed to file and serve an amended complaint in accordance with the views set forth in this opinion, said amended complaint to be served upon the attorneys for the defendant within twenty days from the date hereof, and the defendant is granted twenty days thereafter to file and serve an amended answer in conformity with the above expressed views.