16874

TRAWICK v. ONE INTERNATIONAL PICKUP, BEARING S. C. LICENSE NO. H-65411 *ET AL.*

(82 S. E. (2d) 275)

*Marion F. Winter, Esq.,* of Moncks Corner, *for Appellant,*

*Joseph A. Newell, Esq.,* of Moncks Corner, *for Respondent,*

May 31, 1954.

BAKER, Chief Justice.

On August 23, 1953, the plaintiff, hereinafter referred to as appellant, brought an action against and attached the defendant motor vehicle, to wit, One International Pickup Truck, alleging personal and property damages in the sum of $10,000.00. Upon service of the attachment proceedings, Mrs. Richard M. Zeigler, the owner of the defendant vehicle, and hereinafter referred to as the respondent, executed an acknowledgment of service, and in said acknowledgment stated the motor vehicle was fully covered by insurance covering its operation, whereupon appellant accepted the coverage in lieu of the attached motor vehicle. An answer has been filed for the casualty insurance carrier in behalf of the motor vehicle.

On September 16, 1953, respondent served notice she would move before the Presiding Judge of the Court of Common Pleas for an order making her a defendant in the action, and on September 28, 1953, the Presiding Judge, after hearing arguments, permitted the respondent to intervene as a party-defendant, with the direction that the complaint be amended and she have 20 days in which to file defensive pleadings.

Appellant has excepted to the order of intervention, which exceptions are based upon the proposition that he elected to bring suit against the motor vehicle alone, an action *in rem*, but he is now required to amend his complaint to also allege an action *in personam*.

One injured in an automobile accident may institute his action *in rem, in personam,* or *in rem* and *personam. Raines v. Poston,* 208 S. C. 349, 38 S. E. (2d) 145. This right of election is not absolute in the event the action is brought against the vehicle alone or against the vehicle and a *tort-feasor* other than the owner of the

vehicle, for as stated in *Tolbert v. Buick Car,* 142 S. C. 362, 140 S. E. 693, 695, "there is nothing to prevent the owner from intervening, and setting up his rights to the attached car."

Section 10–203, Code of Laws, 1952, provides, "Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party to a complete determination or settlement of the questions involved therein. * * *"

The foregoing section is permissive, with the power to bring in a person or persons interested in the controversy subject to the discretion of the Court. *Weinberg v. Weinberg,* 208 S. C. 157, 37 S. E. (2d) 507.

Naturally the owner of an attached vehicle has an interest in the controversy adverse to the plaintiff, although he may not be a necessary party to a complete determination or settlement of the questions involved.

Section 10–203, *supra,* however, is to be read in conjunction with Section 10–219 of the 1952 Code of Laws, the applicable portion of which is as follows: "The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights. But when a complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in."

Both of the foregoing sections were considered in *Simon v. Strock,* 209 S. C. 134, 39 S. E. (2d) 209, 211, 168 A. L. R. 596, from which is quoted the following excerpt:

"Sections 404 and 409, Code of 1942, have 'been liberally construed for the purpose of bringing before the court all parties who may be necessary to a complete determination or settlement of all questions involved in the action.' *People's Bank of Hartsville v. Bryant,* 148 S. C. 133, 145 S. E. 692, 694. But a party should not be brought in when doing so

has the effect of 'overriding repeatedly declared legal rights and revoking well-recognized procedure.' *Little v. Robert G. Lassiter & Co., supra* (156 S. C. 286, 153 S. E. 128, 130). These sections of the Code do not change the nature of tort liability. * * *"

The appellant herein had the legal right to proceed *in rem* only and cannot be compelled to allege a cause of action *in personam*. The record on appeal does not contain any of the pleadings and there is nothing therein to indicate appellant has a cause of action against respondent. There are many instances in which an injured party may have a cause of action against an offending vehicle but nevertheless there would not be any liability against the owner thereof.

The Circuit Court has the right to permit an owner to intervene in an action *in rem* and set up his rights to the attached vehicle, but an order of intervention should not require an amendment of the pleadings, for, as stated heretofore, it may be that a cause of action does not exist against the intervenor. Intervention as defined in 39 Am. Jur., page 928, Section 55, Parties, "is the proceeding by which one not originally a party to an action is permitted, on his own application, to appear therein and join one of the original parties in maintaining the action or defense, or to assert a claim or defense against some or all of the parties to the proceeding as originally instituted."

The Circuit Court was correct in permitting respondent to intervene in the action, but in error in requiring the amendment of the complaint by appellant.

Conceivably the order of intervention may prevent a multiplicity of actions, and this is not a case in which the issue of venue may be raised since respondent and appellant are residents of the same County. However, if the question of venue were present, appellant would not be deprived of his right to complete his action *in rem* against the offending vehicle in the County of attachment, nor is there, as suggested by appellant in his argument, a question

of joint tort-feasors in that the vehicle being an inanimate object, is incapable of tortious conduct without its operation by a tort-feasor. Those cases cited by appellant that an injured party has the right to elect which of two or more tort-feasors he shall bring his action against have application where a defendant or defendants seek to bring in one or more alleged tort-feasors who were not originally made parties to the action.

Appellant's exception to the order of the lower Court requiring an amendment of the complaint is sustained, but the other exceptions are found without merit.

The respondent will have 20 days from the filing of the remittitur within which to serve any pleadings in the cause of which she may be advised.

STUKES, TAYLOR and OXNER, JJ., and J. ROBERT MARTIN, JR., Acting Associate Justice, concur.