### 19755

JEFFERSON STANDARD BROADCASTING COMPANY (now Jefferson-Pilot Broadcasting Company), Appellant, v. SOUTH CAROLINA TAX COMMISSION and Daily Telegraph Printing Company, Respondents.

(201 S. E. (2d) 747)

*Messrs. Nexsen, Pruet, Jacobs & Pollard,* and *Parker & Richardson,* of Columbia, *for Appellant,* cite:

*Messrs. Daniel R. McLeod, Atty. Gen., Joe L. Allen, Jr., G. Lewis Argoe, Jr.,* and *John C. vonLehe, Asst. Attys. Gen.,* of Columbia, *for Respondent, South Carolina Tax Commission,* cite:

*Messrs. Wright, Scott, Blackwell & Powers,* of Florence, *for Respondent,* DAILY TELEGRAPH PRINTING COMPANY.

*Messrs. Nexsen, Pruet, Jacobs & Pollard,* and *Parker & Richardson,* of Columbia, *for Appellant,* in Reply.

January 10, 1974.

LITTLEJOHN, Justice:

Jefferson Standard Broadcasting Company brought this action against the South Carolina Tax Commission pursuant to §§ 65-2661 and 65-2662 of the Code of Laws of South Carolina (1962) for a partial refund of state income taxes paid under protest for the year 1968. The lower court granted the motion of the Tax Commission to join Daily Telegraph Printing Company as a party defendant. Jefferson Standard has appealed.

On April 1, 1968, Jefferson Standard, a North Carolina corporation, sold a South Carolina television station (both tangible and intangible property) to Daily Telegraph. The contract sale price was $4,500,000.00 and the sale agreement did not indicate the purchase price of the intangible property as contrasted with the tangible property.

After the sale was completed, Jefferson Standard was required to pay South Carolina income tax on profits from the sale of the tangible assets, but was not required to pay income tax on the profits made from the sale of intangible assets.

After the sale was completed, Daily Telegraph was required to return the tangible property for *ad valorem* tax purposes to the Tax Commission.

Jefferson Standard made its income tax return for 1968 allocating $961,745.00 of the sales price of tangible assets.

It was obviously to the advantage of Jefferson Standard to minimize the purchase price of the tangible assets.

The Tax Commission has determined the fair market value of the tangible property sold to be $2,569,924.00 for the purpose of *ad valorem* taxes to be paid by Daily Telegraph. It was obviously to the advantage of Daily Telegraph to maximize the amount of the sales price allocated to sale of tangible assets so as to create a depreciation advantage.

For the purpose of collecting income tax on the tangible property sold by Jefferson to Daily, the Tax Commission treated the tangible property as having been sold for $2,569,924.00. Jefferson paid income taxes accordingly and now seeks the return of $90,158.18 plus interest on the theory that the sale price of the tangible assets was $961,745.00 instead of $2,569,924.00.

Accordingly, Jefferson Standard and Daily Telegraph have taken inconsistent positions before the Tax Commission based on the same contract of sale. The Tax Commission concedes that Daily Telegraph is not a necessary party to the determination of the issue involved in the case, but argues that it is a proper party and that the bringing of Daily Telegraph into this action may prevent a multiplicity of suits. The Tax Commission needs to know what part of the sale price is properly allocable to the tangible property. In order to determine whether Jefferson Standard is entitled to a refund, this figure must be established. The respective positions of Jefferson and Daily are so entwined that we believe, as did the lower court, that it is logical to proceed with both parties in this action.

Section 10-203 of the 1962 Code delineates who may be made a defendant. We have held that this provision must be construed together with § 10-219 and that both should receive a liberal interpretation. See *e. g., Trawick v. One International Pickup,* 225 S. C. 321, 82 S. E. (2d) 275 (1954). Also, "This Court has in numerous cases stated

that the bringing in of additional parties has to be left very much to the discretion of the Trial Judge." *Long Manufacturing Co. v. Manning Tractor Co.*, 229 S. C. 301, 92 S. E. (2d) 700 (1956) (citations omitted.)

We cannot agree that the trial judge abused his discretion and, accordingly, the lower court is

Affirmed.

Moss, C. J., and Lewis, Bussey and Brailsford, JJ., concur.